IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| METRO CONTAINER GROUP,<br><br>Plaintiff,<br><br>v.<br><br>A. PHELPS PETROLEUM OF NW FL INC. D/B/A PHELPS PETROLEUM EQUIPMENT SERVICE; A.R. SANDRI, INC.; ABB INC.; ABF FREIGHT SYSTEM, INC.; AC&T CO., INC.; ACCURATE BOX CO., INC.; ACE-ROBBINS, INC.; ADAMS OIL CO., INC.; AFCO DRUM HANDLERS LLC; ALEXSON SUPPLY, INC.; ALFA LAVAL INC.; THE AFRO-AMERICAN NEWSPAPERS; ALGER OIL, INC. D/B/A ALGER OIL & PROPANE, INC.; ALLEN OIL SALES, INC.; ALSTOM INC.; ALTA EAST, INC.; ALTMAN DISTRIBUTING CO., INC.; AMARAL MOTORS, INC.; AMERICAN OIL & SUPPLY INTERNATIONAL, LLC; AMF MACHINERY SYSTEMS INC.; APPVION, INC.; ARGO INTERNATIONAL CORPORATION D/B/A ARGO INDUSTRIAL; ARNOLD TRANSPORTATION SERVICES, INC.; U.S. XPRESS ENTERPRISES, INC.; ASHEVILLE OIL CO.; ATLANTIC TRACTOR LLC; AVAYA INC.; B&D TRANSFER INC.; BAE SYSTEMS INFORMATION AND ELECTRONIC SYSTEMS INTEGRATION INC.; BALL CORPORATION; NEWELL BRANDS INC.; BALTIMORE AUTOMATIC WIRE FORMING CO.; BALTIMORE GAS & ELECTRIC CO.; BARKSDALE OILS, INC.; BEL-RAY COMPANY, LLC; BERGER BROS CO.; THE BERKEBILE OIL CO., INC.; BERRY GLOBAL, INC.; BEYER & FORTNER, INC.; BILTMORE OIL CO., INC.; BOCK DRUM CO., INC.; BOLLMAN HAT CO.; BORGWARNER INC.; BRENNTAG NORTH AMERICA, INC.; BRONSTEIN CONTAINER CO.; THE BROOKS-HUFF | Civil Action No. 2:18-CV-03623-GEKP<br><br>AMENDED COMPLAINT |

TIRE COMPANY; BRUCE MILLER OIL CO. )
INC.; BUCHANAN OIL CORPORATION; )
THE BUDD COMPANY, INC.; BULOVA )
TECHNOLOGIES GROUP, INC.; BURCH )
THOMAS OIL CO.; BURKE CHEVROLET, )
INC.; C.A. SPALDING CO.; CALLAHAN )
CHEMICAL CO., INC.; CALLOWAY OIL )
CO.; CALVIN E. POWELL DRILLING & )
SERVICES, INC.; CAMPBELL OIL CO.; )
CAMPBELL SOUP CO.; CARL R. BIEBER, )
INC.; CARROLL INDEPENDENT FUEL, LLC; )
CARY OIL CO., INC.; CBS CORPORATION; )
CONSOLIDATED ELEVATOR CO.; )
CERTAINTEED CORPORATION; CHAPIN )
OIL SERVICE; CIANBRO CORPORATION; )
COACH USA, LLC; COMMONWEALTH OIL )
CO. INC.; COMMUNITY FUELS, INC.; )
CONESTOGA FUELS INC.; CONTINENTAL )
AMERICAN TRANSPORTATION INC.; )
CONTINENTAL TIRE OF THE AMERICAS, )
LLC; CORSON QUARRIES, INC.; COX )
MANAGEMENT GROUP LLC; CREBILLY )
FARM FAMILY ASSOCIATES, L.P.; D&B )
EXPRESS, INC.; DANA INCORPORATED; )
DAVENPORT ENERGY, INC.; DAVID )
SCHWARTZ CONSTRUCTION INC.; DAVIS- )
STANDARD, LLC; DEITER BROS. FUEL )
CO., INC.; THE DELACHAUX GROUP; )
DELMARVA POWER & LIGHT CO.; )
DEMATTE OIL SERVICE, INC.; DEULL )
FUEL CO.; DOGAN WELL DRILLING INC.; )
THE DOLFIELD LUMBER SUPPLY CO.; )
DON ADAMS OIL CO., INC.; DOVER )
CHEMICAL CORPORATION; DREW )
MARINE USA, INC.; DUCKETT AND )
LAIRD, INC.; LAWES COAL CO., INC.; )
DUNMORE OIL CO., INC.; DYER QUARRY, )
INC.; E.J. AUTOMOTIVE INC. D/B/A )
TOTOWA HEIGHTS SERVICE CENTER; )
EATON CORPORATION; ECHOLS OIL CO., )
INC.; EDELEN & BOYER CO., INC.; )
EGGERS, CARYL, & CORRIGAN, INC.; )
ENRIGHT'S OIL SERVICE, INC.; ER )
MANSFELD, LLC D/B/A WALKER FUELS; )
EVES TRUCKING CO.; EXCELLO OIL )
COMPANY, INC.; F. HOFFMAN-LA ROCHE )

AG; F.L. SMIDTH INC.; FALCON OIL CO., INC.; FANELLI BROTHERS TRUCKING CO.; FARMERS CO-OPERATIVE GRAIN COMPANY OF KINDE; FEGLEY OIL CO. INC.; FERRARI'S SERVICE CENTER, INC.; FIRMSTONE OIL CO.; FIRST COAST ENERGY, LLP D/B/A DAILY'S; FIRST STATE STEEL DRUM CO.; FORTERRA PIPE & PRECAST, LLC; FOWLER OIL CO. INC.; FRANCIS L. WERLEY, INC.; FRANK M. POWELL, INC.; FRED FOOTE, INC.; FREDERICK NORTHUP, INC.; FREDERICK'S FUEL OF SUSSEX, INC.; FRITCH, INC.; FRONTIER COMMUNICATIONS CORPORATION; GEMINI PLASTICS, INC.; GENERAL WIRE & STAMPING CO., INC.; GENERAL WIRE PRODUCTS, INC.; GEORGE H. BLOUCH FUEL SERVICE INC.; GEORGE NOBLETT OIL COMPANY, INC. D/B/A NWP ENERGY CO.; BIG TREE, INC.; GEORGETOWN MILL SUPPLIES, INC.; GKN PLC; GLOBE PETROLEUM, INC.; THE GOTT COMPANY D/B/A Q-DOG QUALITY DISCOUNT OIL & GAS; GREEN KNOLL COMPANY; GREENSBORO SUPPLY, INC.; GRIFFITH ENERGY SERVICES, INC.; GROVE TEXTILES, INC.; GTJ REIT, INC.; GWALTNEY OIL AND GAS CO., INC.; HAHN OIL, INC.; HALSEY, INC.; HARLINGEN GARAGE, INC.; HARNED OIL, INC.; HARRIETT'S ENERGY SOLUTIONS; HARSCO CORPORATION; BAE SYSTEMS LAND & ARMAMENTS L.P.; TAYLOR-WHARTON AMERICA, INC.; HAYS TUG & LAUNCH SERVICE, INC.; THE HERTZ CORPORATION; HIGH PERFORMANCE HOLDINGS LTD. INC.; HIGHHOUSE OIL CO., INC.; HOME OIL, INC.; HOP ENERGY, LLC D/B/A MAJOR OIL; HOSPITAL CENTRAL SERVICES COOPERATIVE, INC.; HOSTESS BRANDS, LLC; HOUFF TRANSFER, INC.; HOUGHTON CHEMICAL CORPORATION; NOVICK CHEMICAL CO.; IMO INDUSTRIES INC.; INC-MARYLAND, LLC; INDUSTRIAL DRUM CO., INC.; )

INGERSOLL-RAND CO.; IVACO STEEL )
PROCESSING (NEW YORK) LLC; IVYLAND )
VILLAGE, L.P.; J. LAROCCA )
CONSTRUCTION INC. D/B/A BRITE )
LUMBER & HOME CENTER; J.B. HUNT )
TRANSPORT SERVICES, INC.; J.O. COOK, )
INC.; J.P. RUSSELL & SON, INC.; JACK A. )
ALLEN, INC. D/B/A ALLEN OIL; JACK RICH )
INC. D/B/A POTTSVILLE FUEL; JAMES D. )
MORRISSEY, INC.; JAMES T. WARRING )
SONS, INC.; JEHU, R. L. GULF SUPPLY, )
INC.; JERSEY PLASTIC MOLDERS, INC.; )
JET BLAST, INC.; JET PULVERIZER CO. )
INC.; JOHN GABRIEL JR., INC.; JOHNSON )
CONTROLS INTERNATIONAL, INC.; K&K )
AUTO PARTS, LLC; K&S TOWING, INC.; )
KESSLER CHEMICAL, INC.; KONE INC.; )
L.F. TAYLOR, INC.; LAKE CHAMPLAIN )
COAL CO., INC.; LANDIS SOLUTIONS, LLC; )
LANEY OIL CO., INC.; LEROUX OIL CO., )
INC.; LESTER M. PRANGE INC.; LEVY )
UNITED NEWS INC.; LIBERTY LINES )
TRANSIT, INC.; LOCKHEED MARTIN )
CORPORATION; LOOMIS ARMORED US, )
LLC; PUROLATOR INTERNATIONAL, INC.; )
LOUMARK LTD.; LVD ACQUISITION, LLC )
D/B/A OASIS INTERNATIONAL; M. COHEN )
& SONS INC.; MACK OIL CO., INC.; )
MAGNESITA REFRACTORIES CO.; )
MAJESTIC OIL CO.; MANASSAS ICE AND )
FUEL CO., INC.; MARINE LUBRICANTS, )
INC.; MARINE OIL SERVICE, INC.; MARTIN )
MARIETTA MATERIALS, INC.; MARTIN )
OIL CO.; MASONITE CORPORATION; )
MASTERS CONCRETE PRODUCTS, INC.; )
MAUGER & CO., INC.; MCO, INC.; MEGA )
CONCRETE, INC.; MERCER COUNTY )
COMMUNITY COLLEGE; )
METALLURGICAL PROCESSING, INC.; )
METROPOLITAN LIFE INSURANCE CO. )
D/B/A METLIFE; MIDWAY OIL AND GAS )
CO., INC.; MILLER AND SONS; MILLER'S )
TRUCKING SERVICE, INC.; MIRABITO )
HOLDINGS, INC.; MKP ENTERPRISES, INC.; )
MONGANS INC.; MOORE & BALLIEW OIL )
CO., INC.; MOORE OUTDOOR )

REJUVENATION, INC.; MOORE'S AUTO )
CENTER AND FUELS, LLC; MORAN )
TOWING CORPORATION; MSM SERVICE )
CO.; MUNCY INDUSTRIES, LLC; NELSON )
OIL CO., INC.; NEW DIXIE OIL )
CORPORATION; NEW ENTERPRISE STONE )
AND LIME CO., INC.; NEW HAMPSHIRE )
BALL BEARINGS, INC.; NEWMAN & CO., )
INC.; NGK METALS CORPORATION; )
CABOT CORPORATION; NISOURCE INC.; )
NORBERT E. MITCHELL CO., INC.; NORTH )
EAST OIL CO., INC.; NOVARES US LLC; NY )
STATE ELECTRIC AND GAS )
CORPORATION; NRG HEAT & POWER, )
LLC D/B/A LIBERTY OIL & PROPANE; O.F. )
ZURN CO.; OAKES OIL CO.; OCCIDENTAL )
CHEMICAL HOLDING CORPORATION; )
THE OIL MAN CORPORATION D/B/A )
ENRIGHT & SONS; OMNOVA SOLUTIONS )
INC.; ONEIDA MOTOR FREIGHT, INC.; )
OWENS CORNING; OXFORD GRAIN & )
HAY CO. D/B/A OXFORD FEED & )
LUMBER; P.H. GLATFELTER CO.; P.R. )
HOFFMAN MACHINE PRODUCTS, INC.; )
ATLAS COPCO NORTH AMERICA LLC; )
PABST BREWING CO.; PANNELL )
MANUFACTURING CORPORATION; )
PARISH ENERGY FUELS, INC.; PARKER )
OIL CO., INC.; PAT BARRETT )
TRANSMISSIONS INC.; PATRICK J. KELLY )
DRUMS, INC.; PAUL BRADIGAN & SONS )
INC. D/B/A BRADIGAN INC.; PECO )
ENERGY CO.; PENN FISHING TACKLE )
MFG. CO. D/B/A PENN REELS; PENN MAR )
OIL CO., INC.; PENN PETROLEUM, INC. )
D/B/A WILLIAM R. GIFT; PENNSYLVANIA )
MACHINE WORKS, INC.; US DROP FORGE, )
CO.; PEOPLES GAS & OIL CO., INC.; )
PETROCHOICE HOLDINGS, INC.; PETROL )
PLUS, INC.; PETROLEUM SALES & )
SERVICE, INC.; PETROLEUM SERVICE CO.; )
PILKINGTON NORTH AMERICA INC.; )
PIPELINE PETROLEUM, INC.; PLR )
ECOMMERCE, LLC; PMC GLOBAL, INC.; )
POINT BAY FUEL, INC.; POMERANTZ )
PAPER CORPORATION; PONTARELLI'S )

AUTOMOTIVE & MARINE SERVICE CENTER INC.; PORTS AMERICA, INC.; DELAWARE RIVER STEVEDORES, INC.; POUNDING MILL QUARRY CORPORATION; PPL CORPORATION; PRECISION AUTOMATION COMPANY, INC.; PROGRESSIVE METAL WORKS, INC.; QUALITY AIRE CO.; QUALITY METAL PRODUCTS INC.; QUANEX BUILDING PRODUCTS CORPORATION; QUARLES PETROLEUM INC.; QUICK SERVICE TAXI CO., INC.; YOURWAY TRANSPORT; R. JOHNS TRANSFER, INC.; R&W OIL PRODUCTS, LLC; RAHWAY STEEL DRUM CO., INC.; READCO KURIMOTO, LLC; REAGENT CHEMICAL AND RESEARCH, INC.; RED'S OF JAFFREY LLC; REFLEG CORP.; REGIONAL RAIL LLC; REIMER BROTHERS INC.; REINAUER TRANSPORTATION COMPANIES, LLC; REINHARDT HOME HEATING; REIT FUEL OIL CO.; RELADYNE NE LLC D/B/A AUTOMOTIVE SERVICE RELADYNE LLC; RELIABLE INDUSTRIES, LLC; REX OIL CO.; RHOADS ENERGY CORPORATION; RICHLAND PARTNERS, LLC D/B/A LEFFLER ENERGY; C.R. DAMPMAN FUELS, INC.; KEITH A. YOUSE, INC.; H.J. TANNER, INC. D/B/A TANNER HOME AND ENERGY; ROCKWELL AUTOMATION, INC.; ROME EXPRESS, INC.; RON DAVIS TIRE CO. INC.; ROOT OIL CO., INC.; S.B. COLLINS, INC.; S.L.F., INC. D/B/A CONSUMERS OIL CORP.; SADLER BROTHERS OIL CO., INC.; SAINT-GOBAIN ABRASIVES, INC.; SAM MILLER & SON, INC.; SAVAGE SERVICES CORPORATION; SCARBOROUGH OIL CO., INC.; SCOT LUBRICANTS, LLC; SCOTT CARS LP; SCULLIN OIL CO.; SENICK INC.; SERTA SIMMONS BEDDING LLC; SETH ENERGY, LLC; D&H SKAGGS LLC; SHEBOYGAN PAINT CO.; SHELLHORN & HILL, INC.; SHIPLEY ENERGY CO.; PPC LUBRICANTS, INC.; SHORTLIDGE, S.C., INC.; SIEMENS CORPORATION; SMO, INC. D/B/A SMO )

ENERGY; SNEDEKER ENERGY LLC; THE )
SOLVENTS RECOVERY SERVICE OF NEW )
JERSEY, INC.; SOUNDVIEW PAPER )
COMPANY, LLC; SOUTHAMPTON TIRE )
AND SERVICE, INC.; SOUTHERN )
LUBRICANTS, INC.; SPENCER BROTHERS, )
INC.; SPS TECHNOLOGIES, LLC; SPX )
CORPORATION; STANDEX ELECTRONICS, )
INC.; STAR GROUP, L.P.; STATEWOOD, )
INC. D/B/A STATE LINE OIL; STEPHENSON )
OIL CO.; STIFF OIL CO.; STOCKMAN OIL )
TWO, INC.; SUBURBAN OIL SERVICE, )
INC.; SUFFOLK SALES AND SERVICE )
CORPORATION; SUPERIOR DRUM AND )
BARREL CO., INC.; SUPERIOR PLUS )
ENERGY SERVICES, INC.; TALLEY )
PETROLEUM ENTERPRISES INC.; TAYLOR )
ENTERPRISES, INC.; TAYLOR OIL CO., )
INC.; TECHNIP USA, INC.; TECKLENBURG )
HOLDINGS, LLC; TENFOUR LLC; TEVIS )
ENERGY, INC.; LIBERTY OIL COMPANY )
N/K/A LOC HOLDINGS, INC.; TEXAS )
EASTERN TRANSMISSION, LP; TEXTRON )
INC.; THOMPSON OIL CO.; THOMPSON )
STEEL CO., INC.; TILCON NEW YORK INC.; )
TILLEY CHEMICAL CO., INC.; TIMKEN )
GEARS & SERVICES INC. D/B/A )
PHILADELPHIA GEAR; TIRE CRAFT OF )
POINT PLEASANT BEACH, INC.; TOLINO'S )
FUEL SERVICE, INC.; TOWN BROOK )
SERVICE CENTER; TRAILWAYS )
TRANSPORTATION SYSTEM INC.; TRI GAS )
& OIL CO., INC.; TRI-STATE PETROLEUM )
CORPORATION; TURNER CONSTRUCTION )
CO. INC.; PASSAIC VALLEY SEWERAGE )
COMMISSION; U.S. AXLE, INC.; UNILEVER )
UNITED STATES, INC.; THE UNITED OIL )
CO., INC. D/B/A DURALENE; UNITED )
PARCEL SERVICE OF AMERICA, INC.; USG )
CORPORATION; TATE, INC.; V. )
HARIKRISHNA CORP. D/B/A HUTTER'S )
JONESTOWN; VACU BRAZE, INC.; )
VALLEY OIL CORPORATION; THE VANE )
BROTHERS CO.; VANTAGE SPECIALTY )
CHEMICALS, INC.; VAROUH OIL, INC.; )
VERONA OIL CO., INC.; VITOLS TOOL & )

MACHINE CORP.; W.H. EMMART & SON, INC.; W.K. HOBBS, INC.; THE WARD MACHINERY CO.; WATER CHEM; WATERBURY GULF L.L.C.; WEEKS MARINE, INC.; WEEKS ENGINEERING; WEIS MARKETS, INC.; WERTZ MOTOR COACHES, INC.; WESTAR TECH SERVICES CORP.; WHITE APEX HOLDINGS, LLC; WHITEHORSE AUTO CENTER, INC.; WILLIAM H. COOPER'S SONS, INC.; WILLIAM J. JONES & SON INC.; WILLIAMS OIL CO., INC.; WIREROPE WORKS, INC.; WOLTERS KLUWER N.V.; WOLYNIEC CONSTRUCTION, INC.; SABEH ENTERPRISES INC.; WOODFIN HEATING, INC.; WOODLAWN OIL CO., INC.; WORTHINGTON INDUSTRIES, INC.; YEARSLEY'S SERVICE LTD.; YORK INTERNATIONAL CORPORATION; ZENITH PRODUCTS CORPORATION; and ZENITH HOME CORP.

Defendants.

**AMENDED COMPLAINT**

For its Amended Complaint, Plaintiff Metro Container Group (hereinafter "Plaintiff" or "Metro Container Group"), by and through counsel, alleges as follows:

**STATEMENT OF THE CASE**

1. This is a civil action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), relating to the release and/or threat of release of hazardous substances from a facility known as the Metro Container Corporation Site, which consists of property located in the City of Trainer, County of Delaware, Pennsylvania, as well as any area where hazardous substances that have or may have migrated from the Metro Container Corporation Site have come to be located ("Metro Container Site"). The hazardous substances at the Metro

Container Site have contaminated the soil and groundwater at the Metro Container Site and have threatened the public health and the environment. Each Defendant generated and/or transported materials containing hazardous substances that were treated and/or disposed of at the Metro Container Site.

2. The Metro Container Group seeks cost recovery and contribution from each Defendant pursuant to Sections 107(a) and 113(f) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f), for past and future response costs incurred and to be incurred by the Metro Container Group for response activities undertaken and to be undertaken at the Metro Container Site, along with a declaration as to each Defendant's liability and an allocation of past and future response costs among all parties.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), providing federal jurisdiction over controversies arising under CERCLA, and pursuant to 28 U.S.C. § 1331, providing federal jurisdiction over controversies involving questions of federal law. The Court also has jurisdiction over the request for declaratory relief under Section 113 of CERCLA, 42 U.S.C. § 9613 and 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this district pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. § 1391(b), because the release or threatened release of hazardous substances that give rise to this action occurred and/or are occurring at or from the Metro Container Site located in this judicial district.

**ALLEGATIONS COMMON TO ALL CLAIMS**

5. The Metro Container Site encompasses approximately eleven (11) acres located in an industrial area about twenty miles southwest of Philadelphia at 2nd and Price Streets in the Borough of Trainer, Delaware County, Pennsylvania.

6. The Metro Container Site is bounded to the north by a residential and commercial area, to the east by a scrap metal recovery business, to the south by railroad operations, and to the west by a refinery.

7. Stoney Creek, a southerly-flowing tributary of the Delaware River, forms the western boundary of the Metro Container Site with the confluence of the two waterways approximately 1,000 feet south of the Metro Container Site.

8. Beginning at least as early as the 1890s, Delaware Oil Works manufactured oils and paraffin wax at the Metro Container Site, which operations included underground oil tanks, underground wooden wax tanks, underground iron wax tanks, tar stills, wooden condensers, wax rooms and agitators. Two fires in 1886 and 1896 destroyed most or all of the refining operations, but the operations were rebuilt after each fire.

9. From at least as early as 1909 through at least 1917, the Metro Container Site was occupied by Manufacturers Paraffine Company, which continued refining petroleum products into machine oil and wax.

10. From approximately 1920 to 1959, Stauffer Chemical Corporation manufactured carbon disulfide and other products at the Metro Container Site.

11. Between 1963 and 1989, a number of drum recycling and reconditioning businesses operated at the Metro Container Site under separate owners including Joseph A. Reis Company (1963–69), Universal Container Corporation (1969–83), and Metro Container

Corporation (1983–89). These companies received drums containing residual paints, petroleum products and other materials. During peak years, these companies received nearly 500,000 drums annually. Drums deemed suitable for resale were emptied of residual waste and cleaned, tested for structural integrity, and painted; whereas drums deemed unsuitable for resale were incinerated or crushed and buried on the Metro Container Site. Wastes from these operations, including residual drum wastes, acids, flocculants, and waste water generated in the drum cleaning process, were recirculated into the wastewater stream, placed into a 0.5 acre earthen lagoon or other containment structure, disposed of on the ground surface, discharged into the sanitary sewer system, or released to Stoney Creek. The lagoon was filled sometime between 1982 and 1985.

12. The Pennsylvania Department of Environmental Protection ("DEP") documented numerous releases of waste from drum operations between 1965 and 1989, including releases of wastes into Stoney Creek.

13. In December 1987, the United States Environmental Protection Agency ("EPA") conducted a removal site evaluation at the Metro Container Site. EPA's evaluation identified 160,000 gallons of liquid wastes and sludges stored in a containment structure and 110,000 gallons of waste stored in an estimated 2,000 55-gallon open-top drums at the Metro Container Site. EPA collected samples from, *inter alia*, an ash pile, drum sludge, lagoon sludge, and liquid discharge from a drainpipe leading into Stoney Creek.

14. In February 1988, the United States Coast Guard notified EPA of a reported release of hazardous substances to Stoney Creek from a PVC pipe leading from the Metro Container Site. Thereafter, EPA conducted additional removal site evaluation activities, including additional sampling from Stoney Creek.

15. On August 26, 1988, EPA signed an Action Memorandum selecting a removal response action for the Metro Container Site. EPA commenced the action, which was completed by a separate group of potentially responsible parties ("PRPs") under an Administrative Order on Consent. The removal action included, *inter alia*: installing a perimeter fence; constructing a temporary retaining wall to prevent off-site contaminant migration; disposing of contaminated rainwater; draining the concrete impoundment of liquid wastes and sludges, cleaning it, refilling it with layers of impermeable soils, covering it with clean soil, and seeding with vegetation; removing soils adjacent to the concrete impoundment; capping all pipes entering the impoundment; and cleaning and filling sumps adjacent to the impoundment with concrete. Collectively, over 6,000 tons of sludge, contaminated soils and drum wastes were removed.

16. From approximately 1989 through 2000, the Metro Container Site was inactive. In 2001, Trainer Industries, LLC purchased the Metro Container Site. A 2000 pre-acquisition investigation identified numerous hazardous substances in soils, groundwater, and the sediments of Stoney Creek. The investigation included installation of groundwater monitoring wells and a geophysical investigation of the subsurface of a limited portion of the Metro Container Site.

17. From 2001 to the present, the Metro Container Site has been used by Service Painting, Inc., an affiliate of Trainer Industries, LLC, to store supplies and materials associated with its industrial painting business, and for sandblasting and painting operations.

18. In November 2005, in connection with a potential acquisition of the Metro Container Site by ConocoPhillips, an environmental investigation identified one pipe of unknown origin and numerous groundwater seeps entering Stoney Creek from the Metro Container Site; subsurface soil contaminated with non-aqueous phase liquids ("NAPLs"); sludges; high concentrations of numerous hazardous substances including polychlorinated

biphenyls ("PCBs"), polycyclic aromatic hydrocarbons ("PAHs"), pesticides, volatile organic compounds ("VOCs"), and inorganic contaminants; dissolved groundwater plumes containing PCBs, PAHs, pesticides, VOCs, and inorganic contaminants; PCBs, PAHs, pesticides, and inorganic elements in sediments of Stoney Creek and the Delaware River at concentrations above regional ecological screening levels; numerous areas of magnetic anomalies of potential buried drums; and buried and crushed drums, drum lids, fly ash, sludge, construction debris, and several metal and PVC pipes in test trenches.

19. EPA completed removal site evaluations in March 2000, November 2007 and April 2009. In July 2010, EPA conducted limited soil sampling and replicated 2009 sediment sampling in support of Hazard Ranking System ("HRS") screening for potential listing of the Metro Container Site on the National Priorities List ("NPL"). This 2010 sampling showed that some of the individual PCBs in groundwater at the Metro Container Site were similar to those found in the sediments of Stoney Creek and the Delaware River.

20. On March 15, 2012, EPA listed the Metro Container Site on the NPL.

21. On August 26, 2013, EPA determined that the Metro Container Site presented a threat to public health, welfare and/or the environment due to the actual or threatened release of hazardous substances from the Metro Container Site and detailed in an Action Memorandum a removal response action for the Metro Container Site to address the following source areas: the former impoundment area used for over 30 years to store liquid wastes, including pipes, culverts and sumps through which wastes flowed from the main building; the former concrete basin area subject to the 1988 Removal Action and surrounding area; a crushed drum area; and a PCB soil area. Removal action activities in these source areas required by the Action Memorandum included: erosion and sediment control features to minimize migration of hazardous substances

during the removal action; water management controls and actions to minimize migration of stormwater to and from the source areas during the removal action; locating and removing pipes, drains and similar apparatus, as well as surrounding contaminated soils; locating and removing drums, drum carcasses, their contacts, and surrounding contaminated soils; excavate and remove soil contaminated with PCBs to reach certain specified concentrations; backfilling excavated areas consistent with natural flow to Stoney Creek; and off-site disposal of excavated materials.

22. By letters dated August 20, 2013 and October 9, 2014, EPA notified certain PRPs of their potential liability and invited them to participate in the response activities.

23. On September 20, 2013, EPA began implementing the removal action at the Metro Container Site, and identified additional subsurface features, including pipe systems, buried and crushed drum caches, concrete impoundments, sumps, catch basins, some of which were contaminated with NAPL, petroleum, paint residues, and sludges and various areas with concentrations of hazardous substances. Several pipe networks were found to empty to Stoney Creek or areas of the Metro Container Site formerly connected to an on-site inlet to Stoney Creek prior to landfilling.

24. As of August 2014, an estimated 7,100 tons of contaminated soil and debris and approximately 4,200 tons of soil and debris regulated as PCB remediation waste were excavated during the 2013–14 removal action and transported to licensed disposal facilities, and an estimated 68,000 gallons of contaminated groundwater generated during the removal action were transported to a licensed disposal facility.

25. By letter dated January 23, 2015, EPA notified additional PRPs of their opportunity to participate in a remedial investigation and feasibility study ("RI/FS") for the Metro Container Site.

26. On February 24, 2015, EPA issued an Action Memorandum, which modified the scope of the previously-selected removal action to include additional activities.

27. In response to EPA's 2015 notice letter, EPA and the members of the Metro Container Group entered into an Administrative Settlement Agreement and Order on Consent for Focused Remedial Investigation/Feasibility Study, CERCLA Docket No. CERC-03-2015-0168DC, which became effective on September 2, 2015 ("RI/FS AOC"). The purpose of the RI/FS AOC was to further study the scope of the contamination and identify alternatives for additional removal action. The RI/FS AOC required payment of EPA's future oversight costs, and the establishment of financial assurance for the benefit of EPA in the amount of $1,500,000.

28. EPA and the members of the Metro Container Group entered into a separate Administrative Settlement Agreement and Order on Consent for Removal Action, CERCLA Docket No. CERC-03-2015-0179AC, which became effective on September 1, 2015 ("Removal Action AOC"). The Removal Action AOC required the development and implementation of a response action plan including, *inter alia*: restricting access to the source areas; implementing erosion and sediment control features; photo documentation and demolition of dilapidated buildings believed to overlay pipe systems and contaminated soils, including the oven room and attached rooms, former loading dock and former boiler room and adjacent area; engineering controls to suppress dusts during the work; water management controls and actions to minimize contamination and migration of contaminated stormwater; treatment of accumulated contaminated stormwater; establishment of temporary storage for hazardous substances generated during the work; excavation and removal of pipes, drains and related features in the source areas; removal of liquid or solid residues in apparatus on-site such as tanks, basins and sumps; excavation and removal of PCB-contaminated soil in the source areas to meet certain

concentrations; segregation of excavated soils based on contaminant concentration; managing excavated soils and debris to minimize contaminant migration; backfilling excavated areas and grading them appropriately to conform to natural flow to Stoney Creek; disposing off-site of hazardous substances removed during the work; establish public health and safety measures; obtain a Hazardous Waste Generator Identification Number; and otherwise comply with the removal action plan. The Removal Action AOC also required reimbursement of EPA's future oversight costs.

29. To date, the hazardous substances identified at the Metro Container Site include: PCBs Aroclor-1248, Aroclor-1254, Aroclor-1260; pesticides dieldrin, chlordane, dichlorodiphenyl-dichloroethane ("DDD"), and dichlorodiphenyltrichloroethane ("DDT"); the PAHs benzo(a)anthracene, benzo(a)pyrene, benzo(b)fluoranthene, dibenzo(a,h)anthracene, indeno(1,2,3-cd)pyrene, chrysene, benzo(k)fluoranthene, 1-methylnaphthalene and naphthalene; inorganic elements arsenic, chromium, lead and mercury; VOCs toluene, benzene, 1,2,4-dichlorobenzene, xylenes, PCE, TCE, carbon disulfide, dimethyl disulfide and methanethiol; and semi-volatile organic chemicals ("SVOCs") bis(2-ethylhexyl)phthalate, 1,1-biphenyl and trichlorobenzene.

30. To date, the Metro Container Group has incurred over $4,500,000 in response costs at the Metro Container Site.

31. The response costs incurred to date by the Metro Container are necessary to address the release and/or threatened release at the Metro Container Site, and are required by EPA in the RI/FS AOC, the Removal Action AOC and otherwise, and as such are consistent with the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to

Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and amendments thereto ("NCP").

32. In addition, the Metro Container Group has voluntarily incurred and will continue to incur additional recoverable response costs, including attorney's fees and expenses to search for other PRPs associated with the Metro Container Site and administrative functions, that are closely tied to the response activities at the Metro Container Site, which the Metro Container Group is also entitled to recover against parties liable under CERCLA.

33. The Metro Container Group will continue to incur response costs to conduct response actions at the Metro Container Site as required by EPA and/or other federal or state agencies.

**THE PARTIES**

34. The Metro Container Group is an unincorporated association and currently consists of the following members, in their own right, and as assignees of the CERCLA claims at the Metro Container Site of those entities who have settled or will settle with the Metro Container Group: Exxon Mobil Corporation; ExxonMobil Oil Corporation; BP Products North America Inc.; BP Lubricants USA Inc.; Atlantic Richfield Company; E.I. du Pont de Nemours and Company; Chevron Environmental Management Company, for itself and as Attorney-in-Fact for Chevron U.S.A. Inc.; Superfund Management Operations, a series of Evergreen Resources Group, LLC (for itself and for Sunoco, Inc. (R&M) (f/k/a Sun Refining and Marketing Company) and Sunoco, Inc. (f/k/a Sun Oil Company); Rohm and Haas Company; Tunnel Barrel and Drum Co., Inc.; Veolia ES Technical Solutions, LLC; and Stauffer Management Company LLC, as litigation agent for Bayer CropScience, LP, successor to Stauffer Chemical Company.

35. Each of the members of the Metro Container Group has assigned its claims in this case to the Metro Container Group as a whole.

36. All of the members of the Metro Container Group are signatories to the RI/FS AOC and the Removal Action AOC.

37. According to Metro Container Site records, Defendant A. Phelps Petroleum of NW FL Inc. d/b/a Phelps Petroleum Equipment Service ("Phelps Petroleum") contributed at least 798 drums of materials containing hazardous substances to the Metro Container Site.

38. To date, Phelps Petroleum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

39. According to Metro Container Site records, Defendant A.R. Sandri, Inc. ("A.R. Sandri") contributed at least 2,798 drums of materials containing hazardous substances to the Metro Container Site.

40. To date, A.R. Sandri has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

41. Defendant ABB Inc. ("ABB") is responsible for the waste attributable to "G.E. Wire."

42. According to Metro Container Site records, "G.E. Wire" contributed at least 140 drums of materials containing hazardous substances to the Metro Container Site.

43. To date, ABB has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

44. Defendant ABF Freight System, Inc. ("ABF") is responsible for the waste attributable to "A.B.F. Systems," "ABF Freight," "Arkansas Best Frt." and "Carolina Freight Carriers."

45. According to Metro Container Site records, "A.B.F. Systems," "ABF Freight," "Arkansas Best Frt." and "Carolina Freight Carriers" contributed at least 2,214 drums of materials containing hazardous substances to the Metro Container Site.

46. To date, ABF has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

47. According to Metro Container Site records, Defendant AC&T Co., Inc. ("AC&T") contributed at least 638 drums of materials containing hazardous substances to the Metro Container Site.

48. To date, AC&T has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

49. Defendant Accurate Box Co., Inc. ("Accurate Box") is responsible for the waste attributable to "Berles Carton."

50. According to Metro Container Site records, "Berles Carton" contributed at least 40 drums of materials containing hazardous substances to the Metro Container Site.

51. To date, Accurate Box has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

52. Defendant Ace-Robbins, Inc. ("Ace-Robbins") is responsible for the waste attributable to "Bowman Petroleum."

53. According to Metro Container Site records, "Bowman Petroleum" contributed at least 69 drums of materials containing hazardous substances to the Metro Container Site.

54. To date, Ace-Robbins has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

55. Defendant Adams Oil Co., Inc. ("Adams Oil") is responsible for the waste attributable to "Adams Oil Co."

56. According to Metro Container Site records, "Adams Oil Co." contributed at least 186 drums of materials containing hazardous substances to the Metro Container Site.

57. To date, Adams Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

58. Defendant AFCO Drum Handlers LLC ("AFCO Drum") is responsible for the waste attributable to "AFCO" and "Foglia."

59. According to Metro Container Site records, "AFCO" and "Foglia" contributed at least 13,858 drums of materials containing hazardous substances to the Metro Container Site.

60. To date, AFCO Drum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

61. According to Metro Container Site records, Defendant Alexson Supply, Inc. ("Alexson Supply") contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

62. To date, Alexson Supply has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

63. Defendant Alfa Laval Inc. ("Alfa Laval") is responsible for the waste attributable to "Pennwalt Corp."

64. According to Metro Container Site records, "Pennwalt Corp." contributed at least 137 drums of materials containing hazardous substances to the Metro Container Site.

65. To date, Alfa Laval has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

66. According to Metro Container Site records, Defendant The Afro-American Newspapers ("Afro-American Newspapers") contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

67. To date, Afro-American Newspapers has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

68. Defendant Alger Oil, Inc. d/b/a Alger Oil & Propane, Inc. ("Alger Oil") is responsible for the waste attributable to "Alger Co.," "Alger Oil," "D&R Supply" and "Davis Fuels Inc."

69. According to Metro Container Site records, "Alger Co.," "Alger Oil," "D&R Supply" and "Davis Fuels Inc." contributed at least 958 drums of materials containing hazardous substances to the Metro Container Site.

70. To date, Alger Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

71. According to Metro Container Site records, Defendant Allen Oil Sales, Inc. ("Allen Oil") contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

72. To date, Allen Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

73. Defendant Alstom Inc. ("Alstom") is responsible for the waste attributable to "Sprout & Waldron Division."

74. According to Metro Container Site records, "Sprout & Waldron Division" contributed at least 3 drums of materials containing hazardous substances to the Metro Container Site.

75. To date, Alstom has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

76. Defendant Alta East, Inc. ("Alta East") is responsible for the waste attributable to "Wallace Oil Co."

77. According to Metro Container Site records, "Wallace Oil Co." contributed at least 145 drums of materials containing hazardous substances to the Metro Container Site.

78. To date, Alta East has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

79. According to Metro Container Site records, Defendant Altman Distributing Co., Inc. ("Altman Distributing") contributed at least 433 drums of materials containing hazardous substances to the Metro Container Site.

80. To date, Altman Distributing has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

81. According to Metro Container Site records, Defendant Amaral Motors, Inc. ("Amaral Motors") contributed at least 25 drums of materials containing hazardous substances to the Metro Container Site.

82. To date, Amaral Motors has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

83. According to Metro Container Site records, Defendant American Oil & Supply International, LLC ("American Oil") contributed at least 198 drums of materials containing hazardous substances to the Metro Container Site.

84. To date, American Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

85. According to Metro Container Site records, Defendant AMF Machinery Systems Inc. ("AMF") contributed at least 25,513 drums of materials containing hazardous substances to the Metro Container Site.

86. To date, AMF Machinery Systems Inc. has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

87. According to Metro Container Site records, Defendant Appvion, Inc. ("Appvion") contributed at least 25 drums of materials containing hazardous substances to the Metro Container Site.

88. To date, Appvion has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

89. Defendant Argo International Corporation d/b/a Argo Industrial ("Argo International") is responsible for the waste attributable to "Argo Industrial," "Argo Industries" and "C Argo."

90. According to Metro Container Site records, "Argo Industrial," "Argo Industries" and "C Argo" contributed at least 24 drums of materials containing hazardous substances to the Metro Container Site.

91. To date, Argo International has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

92. Defendant Arnold Transportation Services, Inc. ("Arnold Transportation") is responsible for the waste attributable to "M.D. Associates," "M.D. Associates Northeast," "MD Associates Silver Eag" and "MDA Assoc."

93. According to Metro Container Site records, "M.D. Associates," "M.D. Associates Northeast," "MD Associates Silver Eag" and "MDA Assoc." contributed at least 686 drums of materials containing hazardous substances to the Metro Container Site.

94. To date, Arnold Transportation has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

95. Alternatively, Defendant U.S. Xpress Enterprises, Inc. ("U.S. Xpress") is responsible for the waste attributable to "M.D. Associates," "M.D. Associates Northeast," "MD Associates Silver Eag" and "MDA Assoc." as alleged in Paragraph No. 93 above.

96. To date, U.S. Xpress has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

97. According to Metro Container Site records, Defendant Asheville Oil Co. ("Asheville Oil") contributed at least 1,287 drums of materials containing hazardous substances to the Metro Container Site.

98. To date, Asheville Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

99. Defendant Atlantic Tractor LLC ("Atlantic Tractor") is responsible for the waste attributable to "Clements Supply."

100. According to Metro Container Site records, "Clements Supply" contributed at least 96 drums of materials containing hazardous substances to the Metro Container Site.

101. To date, Atlantic Tractor has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

102. Defendant Avaya Inc. ("Avaya") is responsible for the waste attributable to "Western Electric Co."

103. According to Metro Container Site records, "Western Electric Co." contributed at least 174 drums of materials containing hazardous substances to the Metro Container Site.

104. To date, Avaya has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

105. According to Metro Container Site records, Defendant B&D Transfer Inc. ("B&D Transfer") contributed at least 204 drums of materials containing hazardous substances to the Metro Container Site.

106. To date, B&D Transfer has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

107. Defendant BAE Systems Information and Electronic Systems Integration Inc. ("BAE Systems") is responsible for the waste attributable to "Fairchild Weston."

108. According to Metro Container Site records, "Fairchild Weston" contributed at least 11 drums of materials containing hazardous substances to the Metro Container Site.

109. To date, BAE Systems has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

110. Defendant Ball Corporation ("Ball") is responsible for the waste attributable to "American Can Co.," "Ball Unimark Plastics," "Metal Litho," "National Can Corporation" and "Rubbermaid."

111. According to Metro Container Site records, "American Can Co.," "Ball Unimark Plastics," "Metal Litho," "National Can Corporation," and "Rubbermaid" contributed at least 6,977 drums of materials containing hazardous substances to the Metro Container Site.

112. To date, Ball has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

113. Alternatively, Defendant Newell Brands Inc. ("Newell Brands") is responsible for the waste attributable to "Ball Unimark Plastics," and "Rubbermaid" as alleged in Paragraph No. 111 above as well as "Lehigh Press."

114. To date, Newell Brands has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

115. Defendant Baltimore Automatic Wire Forming Co. ("Baltimore Automatic") is responsible for the waste attributable to "Baltimore Auto Wire."

116. According to Metro Container Site records, "Baltimore Auto Wire" contributed at least 2 drums of materials containing hazardous substances to the Metro Container Site.

117. To date, Baltimore Automatic has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

118. According to Metro Container Site records, Defendant Baltimore Gas & Electric Co. ("Baltimore Gas") contributed at least 233 drums of materials containing hazardous substances to the Metro Container Site.

119. To date, Baltimore Gas has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

120. According to Metro Container Site records, Defendant Barksdale Oils, Inc. ("Barksdale Oils") contributed at least 510 drums of materials containing hazardous substances to the Metro Container Site.

121. To date, Barksdale Oils has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

122. According to Metro Container Site records, Defendant Bel-Ray Company, LLC ("Bel-Ray") contributed at least 3,538 drums of materials containing hazardous substances to the Metro Container Site.

123. To date, Bel-Ray has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

124. According to Metro Container Site records, Defendant Berger Bros Co. ("Berger Bros") contributed at least 9 drums of materials containing hazardous substances to the Metro Container Site.

125. To date, Berger Bros has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

126. According to Metro Container Site records, Defendant The Berkebile Oil Co., Inc. ("Berkebile Oil") contributed at least 146 drums of materials containing hazardous substances to the Metro Container Site.

127. To date, Berkebile Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

128. Defendant Berry Global, Inc. ("Berry Global") is responsible for the waste attributable to "Gilbert Plastics" and "Moldcraft."

129. According to Metro Container Site records, "Gilbert Plastics" and "Moldcraft" contributed at least 70 drums of materials containing hazardous substances to the Metro Container Site.

130. To date, Berry Global has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

131. According to Metro Container Site records, Defendant Beyer & Fortner, Inc. ("Beyer & Fortner") contributed at least 40 drums of materials containing hazardous substances to the Metro Container Site.

132. To date, Beyer & Fortner has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

133. According to Metro Container Site records, Defendant Biltmore Oil Co., Inc. ("Biltmore Oil") contributed at least 169 drums of materials containing hazardous substances to the Metro Container Site.

134. To date, Biltmore Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

135. According to Metro Container Site records, Defendant Bock Drum Co., Inc. ("Bock Drum") contributed at least 3,353 drums of materials containing hazardous substances to the Metro Container Site.

136. To date, Bock Drum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

137. According to Metro Container Site records, Defendant Bollman Hat Co. ("Bollman Hat") contributed at least 10 drums of materials containing hazardous substances to the Metro Container Site.

138. To date, Bollman Hat has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

139. According to Metro Container Site records, Defendant BorgWarner Inc. ("BorgWarner") contributed at least 8 drums of materials containing hazardous substances to the Metro Container Site.

140. To date, BorgWarner has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

141. Defendant Brenntag North America, Inc. ("Brenntag") is responsible for the waste attributable to "Central Lube" and "East Falls Corp."

142. According to Metro Container Site records, "Central Lube" and "East Falls Corp." contributed at least 952 drums of materials containing hazardous substances to the Metro Container Site.

143. To date, Brenntag has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

144. Defendant Bronstein Container Co. ("Bronstein") is responsible for the waste attributable to "Bronstein Container Co." and "Sid Bronstein & Son Container."

145. According to Metro Container Site records, "Bronstein Container Co." and "Sid Bronstein & Son Container" contributed at least 3,710 drums of materials containing hazardous substances to the Metro Container Site.

146. To date, Bronstein has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

147. Defendant The Brooks-Huff Tire Company ("Brooks-Huff Tire") is responsible for the waste attributable to "Henry's Tire Service Inc."

148. According to Metro Container Site records, Henry's Tire Service Inc. contributed at least 14 drums of materials containing hazardous substances to the Metro Container Site.

149. To date, Brooks-Huff Tire has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

150. According to Metro Container Site records, Defendant Bruce Miller Oil Co. Inc. ("Bruce Miller") contributed at least 113 drums of materials containing hazardous substances to the Metro Container Site.

151. To date, Bruce Miller has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

152. Defendant Buchanan Oil Corporation ("Buchanan Oil") is responsible for the waste attributable to "Hamilton Oil Co."

153. According to Metro Container Site records, "Hamilton Oil Co." contributed at least 361 drums of materials containing hazardous substances to the Metro Container Site.

154. To date, Buchanan Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

155. According to Metro Container Site records, Defendant The Budd Company, Inc. ("Budd") contributed at least 971 drums of materials containing hazardous substances to the Metro Container Site.

156. To date, Budd has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

157. Defendant Bulova Technologies Group, Inc. ("Bulova") is responsible for the waste attributable to "Hamilton Technology Co."

158. According to Metro Container Site records, "Hamilton Technology Co." contributed at least 32 drums of materials containing hazardous substances to the Metro Container Site.

159. To date, Bulova has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

160. Defendant Burch Thomas Oil Co. ("Burch Thomas") is responsible for the waste attributable to "Bolin Oil Co."

161. According to Metro Container Site records, "Bolin Oil Co." contributed at least 185 drums of materials containing hazardous substances to the Metro Container Site.

162. To date, Burch Thomas has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

163. Defendant Burke Chevrolet, Inc. ("Burke Chevrolet") is responsible for the waste attributable to "Burnie Whitacker Inc."

164. According to Metro Container Site records, "Burnie Whitacker Inc." contributed at least 13 drums of materials containing hazardous substances to the Metro Container Site.

165. To date, Burke Chevrolet has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

166. According to Metro Container Site records, Defendant C.A. Spalding Co. ("C.A. Spalding") contributed at least 2 drums of materials containing hazardous substances to the Metro Container Site.

167. To date, C.A. Spalding has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

168. According to Metro Container Site records, Defendant Callahan Chemical Co., Inc. ("Callahan Chemical") contributed at least 12,158 drums of materials containing hazardous substances to the Metro Container Site.

169. To date, Callahan Chemical has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

170. According to Metro Container Site records, Defendant Calloway Oil Co. ("Calloway Oil") contributed at least 53 drums of materials containing hazardous substances to the Metro Container Site.

171. To date, Calloway Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

172. According to Metro Container Site records, Defendant Calvin E. Powell Drilling & Services, Inc. ("Calvin Powell") contributed at least 19 drums of materials containing hazardous substances to the Metro Container Site.

173. To date, Calvin Powell has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

174. According to Metro Container Site records, Defendant Campbell Oil Co. ("Campbell") contributed at least 2,086 drums of materials containing hazardous substances to the Metro Container Site.

175. To date, Campbell has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

176. Defendant Campbell Soup Co. ("Campbell Soup") is responsible for the waste attributable to "Champion Valley."

177. According to Metro Container Site records, "Champion Valley" contributed at least 7 drums of materials containing hazardous substances to the Metro Container Site.

178. To date, Campbell Soup has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

179. Defendant Carl R. Bieber, Inc. ("Bieber") is responsible for the waste attributable to "Carl Bicker Inc." and "Carl Bieber Inc."

180. According to Metro Container Site records, "Carl Bicker Inc." and "Carl Bieber Inc." contributed at least 48 drums of materials containing hazardous substances to the Metro Container Site.

181. To date, Bieber has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

182. Defendant Carroll Independent Fuel, LLC ("Carroll Independent") is responsible for the waste attributable to "Lease Warner Inc." and "S. Lease Warner."

183. According to Metro Container Site records, "Lease Warner Inc." and "S. Lease Warner" contributed at least 208 drums of materials containing hazardous substances to the Metro Container Site.

184. To date, Carroll Independent has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

185. According to Metro Container Site records, Defendant Cary Oil Co., Inc. ("Cary Oil") contributed at least 55 drums of materials containing hazardous substances to the Metro Container Site.

186. To date, Cary Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

187. Defendant CBS Corporation ("CBS") is responsible for the waste attributable to "Consolidated Elevator Co." and "Westinghouse Electric."

188. According to Metro Container Site records, "Consolidated Elevator Co." and "Westinghouse Electric" contributed at least 1,739 drums of materials containing hazardous substances to the Metro Container Site.

189. To date, CBS has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

190. Alternatively, Defendant Consolidated Elevator Co. ("Consolidated Elevator") is responsible for the waste attributable to "Consolidated Elevator Co.," as alleged in Paragraph No. 188 above.

191. To date, Consolidated Elevator has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

192. According to Metro Container Site records, Defendant CertainTeed Corporation ("CertainTeed") contributed at least 388 drums of materials containing hazardous substances to the Metro Container Site.

193. To date, CertainTeed has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

194. According to Metro Container Site records, Defendant Chapin Oil Service ("Chapin Oil") contributed at least 25 drums of materials containing hazardous substances to the Metro Container Site.

195. To date, Chapin Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

196. According to Metro Container Site records, Defendant Cianbro Corporation ("Cianbro") contributed at least 4 drums of materials containing hazardous substances to the Metro Container Site.

197. To date, Cianbro has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

198. According to Metro Container Site records, Defendant Coach USA, LLC ("Coach") is responsible for the waste attributable to "McMahon Transport," and "McMahon Transportation."

199. According to Metro Container Site records, "McMahon Transport," and "McMahon Transportation" contributed at least 30 drums of materials containing hazardous substances to the Metro Container Site.

200. To date, Coach has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

201. According to Metro Container Site records, Defendant Commonwealth Oil Co. Inc. ("Commonwealth Oil") contributed at least 79 drums of materials containing hazardous substances to the Metro Container Site.

202. To date, Commonwealth Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

203. According to Metro Container Site records, Defendant Community Fuels, Inc. ("Community Fuels") contributed at least 50 drums of materials containing hazardous substances to the Metro Container Site.

204. To date, Community Fuels has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

205. According to Metro Container Site records, Defendant Conestoga Fuels Inc. ("Conestoga Fuels") contributed at least 2,602 drums of materials containing hazardous substances to the Metro Container Site.

206. To date, Conestoga Fuels has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

207. Defendant Continental American Transportation Inc. ("Continental American") is responsible for the waste attributable to "Herr's Gas & Oil," "Herr's Motor Express," and "Herr's Motor Exp. (Herr's and Herr's Gas & Oil)."

208. According to Metro Container Site records, "Herr's Gas & Oil," "Herr's Motor Express," and "Herr's Motor Exp. (Herr's and Herr's Gas & Oil)" contributed at least 2,394 drums of materials containing hazardous substances to the Metro Container Site.

209. To date, Continental American has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

210. Defendant Continental Tire of the Americas, LLC ("Continental Tire") is responsible for the waste attributable to "General Tire & Rubber Co."

211. According to Metro Container Site records, "General Tire & Rubber Co." contributed at least 133 drums of materials containing hazardous substances to the Metro Container Site.

212. To date, Continental Tire has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

213. Defendant Corson Quarries, Inc. ("Corson Quarries") is responsible for the waste attributable to "Bear Gap Stone Inc."

214. According to Metro Container Site records, "Bear Gap Stone Inc." contributed at least 13 drums of materials containing hazardous substances to the Metro Container Site.

215. To date, Corson Quarries has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

216. Defendant Cox Management Group LLC ("Cox Management") is responsible for the waste attributable to "Triangle Oil."

217. According to Metro Container Site records, "Triangle Oil" contributed at least 25 drums of materials containing hazardous substances to the Metro Container Site.

218. To date, Cox Management has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

219. Defendant Crebilly Farm Family Associates, L.P. ("Crebilly Farm") is responsible for the waste attributable to "Crebilly Farms."

220. According to Metro Container Site records, "Crebilly Farms" contributed at least 4 drums of materials containing hazardous substances to the Metro Container Site.

221. To date, Crebilly Farm has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

222. According to Metro Container Site records, Defendant D&B Express, Inc. ("D&B Express") contributed at least 1,963 drums of materials containing hazardous substances to the Metro Container Site.

223. To date, D&B Express has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

224. Defendant Dana Incorporated ("Dana") is responsible for the waste attributable to "Dana Corporation" and "Dena Corporation."

225. According to Metro Container Site records, "Dana Corporation" and "Dena Corporation" contributed at least 1,789 drums of materials containing hazardous substances to the Metro Container Site.

226. To date, Dana has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

227. Defendant Davenport Energy, Inc. ("Davenport Energy") is responsible for the waste attributable to "Chatham Oil Co."

228. According to Metro Container Site records, "Chatham Oil Co." contributed at least 890 drums of materials containing hazardous substances to the Metro Container Site.

229. To date, Davenport Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

230. According to Metro Container Site records, Defendant David Schwartz Construction Inc. ("Schwartz Construction") contributed at least 7 drums of materials containing hazardous substances to the Metro Container Site.

231. To date, Schwartz Construction has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

232. Defendant Davis-Standard, LLC ("Davis-Standard") is responsible for the waste attributable to "Egan" and "Egan Machine Co."

233. According to Metro Container Site records, "Egan" and "Egan Machine Co." contributed at least 92 drums of materials containing hazardous substances to the Metro Container Site.

234. To date, Davis-Standard has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

235. According to Metro Container Site records, Defendant Deiter Bros. Fuel Co., Inc. ("Deiter Bros.") contributed at least 3 drums of materials containing hazardous substances to the Metro Container Site.

236. Additionally, Deiter Bros. is responsible for the waste attributable to "Walters Oil Inc."

237. According to Metro Container Site records, "Walters Oil Inc." contributed at least 746 drums of materials containing hazardous substances to the Metro Container Site.

238. To date, Deiter Bros. has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

239. Defendant The Delachaux Group ("Delachaux Group") is responsible for the waste attributable to "Calorite."

240. According to Metro Container Site records, "Calorite" contributed at least 38 drums of materials containing hazardous substances to the Metro Container Site.

241. To date, Delachaux Group has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

242. According to Metro Container Site records, Defendant Delmarva Power & Light Co. ("Delmarva Power") contributed at least 423 drums of materials containing hazardous substances to the Metro Container Site.

243. To date, Delmarva Power has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

244. According to Metro Container Site records, Defendant Dematte Oil Service, Inc. ("Dematte Oil") contributed at least 194 drums of materials containing hazardous substances to the Metro Container Site.

245. To date, Dematte Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

246. According to Metro Container Site records, Defendant Deull Fuel Co. ("Deull Fuel") contributed at least 325 drums of materials containing hazardous substances to the Metro Container Site.

247. To date, Deull Fuel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

248. According to Metro Container Site records, Defendant Dogan Well Drilling Inc. ("Dogan Drilling") contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

249. To date, Dogan Drilling has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

250. According to Metro Container Site records, Defendant The Dolfield Lumber Supply Co. ("Dolfield Lumber") contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

251. To date, Dolfield Lumber has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

252. According to Metro Container Site records, Defendant Don Adams Oil Co., Inc. ("Don Adams Oil") contributed at least 652 drums of materials containing hazardous substances to the Metro Container Site.

253. To date, Don Adams Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

254. Defendant Dover Chemical Corporation ("Dover Chemical") is responsible for the waste attributable to "May Co."

255. According to Metro Container Site records, "May Co." contributed at least 98 drums of materials containing hazardous substances to the Metro Container Site.

256. To date, Dover Chemical has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

257. Defendant Drew Marine USA, Inc. ("Drew Marine") is responsible for the waste attributable to "Drew Chemical."

258. According to Metro Container Site records, "Drew Chemical" contributed at least 64 drums of materials containing hazardous substances to the Metro Container Site.

259. To date, Drew Marine has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

260. According to Metro Container Site records, Defendant Duckett and Laird, Inc. ("Duckett and Laird") contributed at least 63 drums of materials containing hazardous substances to the Metro Container Site.

261. To date, Duckett and Laird has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

262. Alternatively, Defendant Lawes Coal Co., Inc. ("Lawes Coal") is responsible for the waste attributable to Duckett and Laird, as alleged in Paragraph No. 260 above.

263. To date, Lawes Coal has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

264. According to Metro Container Site records, Defendant Dunmore Oil Co., Inc. ("Dunmore Oil") contributed at least 129 drums of materials containing hazardous substances to the Metro Container Site.

265. To date, Dunmore Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

266. According to Metro Container Site records, Defendant Dyer Quarry, Inc. ("Dyer Quarry") contributed at least 36 drums of materials containing hazardous substances to the Metro Container Site.

267. To date, Dyer Quarry has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

268. Defendant E.J. Automotive Inc. d/b/a Totowa Heights Service Center ("E.J. Auto") is responsible for the waste attributable to "Stratos Inc."

269. According to Metro Container Site records, "Stratos Inc." contributed at least 6 drums of materials containing hazardous substances to the Metro Container Site.

270. To date, E.J. Auto has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

271. Defendant Eaton Corporation ("Eaton") is responsible for the waste attributable to "Worthington."

272. According to Metro Container Site records, "Worthington" contributed at least 41 drums of materials containing hazardous substances to the Metro Container Site.

273. To date, Eaton has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

274. According to Metro Container Site records, Defendant Echols Oil Co., Inc. ("Echols Oil") contributed at least 106 drums of materials containing hazardous substances to the Metro Container Site.

275. To date, Echols Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

276. According to Metro Container Site records, Defendant Edelen & Boyer Co., Inc. ("Edelen & Boyer") contributed at least 3 drums of materials containing hazardous substances to the Metro Container Site.

277. To date, Edelen & Boyer has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

278. According to Metro Container Site records, Defendant Eggers, Caryl, & Corrigan, Inc. ("Caryl & Corrigan") contributed at least 20 drums of materials containing hazardous substances to the Metro Container Site.

279. To date, Caryl & Corrigan has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

280. Defendant Enright's Oil Service, Inc. ("Enright's Oil") is responsible for the waste attributable to "Enright Oil."

281. According to Metro Container Site records, "Enright Oil" contributed at least 99 drums of materials containing hazardous substances to the Metro Container Site.

282. To date, Enright's Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

283. According to Metro Container Site records, Defendant ER Mansfeld, LLC d/b/a Walker Fuels ("ER Mansfeld") contributed at least 2 drums of materials containing hazardous substances to the Metro Container Site.

284. To date, ER Mansfeld has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

285. According to Metro Container Site records, Defendant Eves Trucking Co. ("Eves Trucking") contributed at least 8 drums of materials containing hazardous substances to the Metro Container Site.

286. To date, Eves Trucking has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

287. According to Metro Container Site records, Defendant Excello Oil Company, Inc. ("Excello Oil") contributed at least 475 drums of materials containing hazardous substances to the Metro Container Site.

288. To date, Excello Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

289. According to Metro Container Site records, Defendant F. Hoffman-La Roche AG ("Hoffman-La Roche") contributed at least 390 drums of materials containing hazardous substances to the Metro Container Site.

290. To date, Hoffman-La Roche has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

291. Defendant F.L. Smidth Inc. ("F.L. Smidth") is responsible for the waste attributable to "Fuller Company."

292. According to Metro Container Site records, "Fuller Company" contributed at least 68 drums of materials containing hazardous substances to the Metro Container Site.

293. To date, F.L. Smidth has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

294. According to Metro Container Site records, Defendant Falcon Oil Co., Inc. ("Falcon Oil") contributed at least 136 drums of materials containing hazardous substances to the Metro Container Site.

295. To date, Falcon Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

296. According to Metro Container Site records, Defendant Fanelli Brothers Trucking Co. ("Fanelli Brothers") contributed at least 51 drums of materials containing hazardous substances to the Metro Container Site.

297. To date, Fanelli Brothers has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

298. According to Metro Container Site records, Defendant Farmers Co-Operative Grain Company of Kinde ("Farmers Co-Op") contributed at least 166 drums of materials containing hazardous substances to the Metro Container Site.

299. To date, Farmers Co-Op has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

300. According to Metro Container Site records, Defendant Fegley Oil Co. Inc. ("Fegley Oil") contributed at least 745 drums of materials containing hazardous substances to the Metro Container Site.

301. To date, Fegley Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

302. Defendant Ferrari's Service Center, Inc. ("Ferrari's Center") is responsible for the waste attributable to "Ferrari Serv Center."

303. According to Metro Container Site records, "Ferrari Serv Center" contributed at least 8 drums of materials containing hazardous substances to the Metro Container Site.

304. To date, Ferrari's Center has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

305. Defendant Firmstone Oil Co. ("Firmstone") is responsible for the waste attributable to "Firmstone Oil Co." and "Miller Oil Co."

306. According to Metro Container Site records, "Firmstone Oil Co." and "Miller Oil Co." contributed at least 86 drums of materials containing hazardous substances to the Metro Container Site.

307. To date, Firmstone has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

308. Defendant First Coast Energy, LLP d/b/a Daily's ("First Coast") is responsible for the waste attributable to "Kennerly Oil Co."

309. According to Metro Container Site records, "Kennerly Oil Co." contributed at least 119 drums of materials containing hazardous substances to the Metro Container Site.

310. To date, First Coast has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

311. According to Metro Container Site records, Defendant First State Steel Drum Co. ("First State Steel") contributed at least 895 drums of materials containing hazardous substances to the Metro Container Site.

312. To date, First State Steel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

313. Defendant Forterra Pipe & Precast, LLC ("Forterra Pipe") is responsible for the waste attributable to "Concrete Pipe Products."

314. According to Metro Container Site records, "Concrete Pipe Products" contributed at least 49 drums of materials containing hazardous substances to the Metro Container Site.

315. To date, Forterra Pipe has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

316. According to Metro Container Site records, Defendant Fowler Oil Co. Inc. ("Fowler Oil") contributed at least 285 drums of materials containing hazardous substances to the Metro Container Site.

317. To date, Fowler Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

318. According to Metro Container Site records, Defendant Francis L. Werley, Inc. ("Francis L. Werley") contributed at least 336 drums of materials containing hazardous substances to the Metro Container Site.

319. To date, Francis L. Werley has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

320. According to Metro Container Site records, Defendant Frank M. Powell, Inc. ("Powell") contributed at least 528 drums of materials containing hazardous substances to the Metro Container Site.

321. To date, Powell has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

322. According to Metro Container Site records, Defendant Fred Foote, Inc. ("Fred Foote") contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

323. To date, Fred Foote has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

324. According to Metro Container Site records, Defendant Frederick Northup, Inc. ("Frederick Northup") contributed at least 96 drums of materials containing hazardous substances to the Metro Container Site.

325. To date, Frederick Northup has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

326. Defendant Frederick's Fuel of Sussex, Inc. ("Frederick's Fuel") is responsible for the waste attributable to "Salmon Oil Company."

327. According to Metro Container Site records, "Salmon Oil Company" contributed at least 582 drums of materials containing hazardous substances to the Metro Container Site.

328. To date, Frederick's Fuel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

329. Defendant Fritch, Inc. ("Fritch") is responsible for the waste attributable to "Fritch Lubes Co." and "Fritch Fuel Co."

330. According to Metro Container Site records, "Fritch Lubes Co." and "Fritch Fuel Co." contributed at least 22,019 drums of materials containing hazardous substances to the Metro Container Site.

331. To date, Fritch has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

332. Defendant Frontier Communications Corporation ("Frontier Communications") is responsible for the waste attributable to "Telegraph Press."

333. According to Metro Container Site records, "Telegraph Press" contributed at least 29 drums of materials containing hazardous substances to the Metro Container Site.

334. To date, Frontier Communications has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

335. According to Metro Container Site records, Defendant Gemini Plastics, Inc. ("Gemini Plastics") contributed at least 63 drums of materials containing hazardous substances to the Metro Container Site.

336. To date, Gemini Plastics has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

337. Defendant General Wire & Stamping Co., Inc. ("General Wire & Stamping") is responsible for the waste attributable to "General Electric Co.," "General Electric Wire & Cable," "General Wire" and "R C A."

338. According to Metro Container Site records, "General Electric Co.," "General Electric Wire & Cable," "General Wire" and "R C A" contributed at least 379 drums of materials containing hazardous substances to the Metro Container Site.

339. To date, General Wire & Stamping has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

340. Alternatively, Defendant General Wire Products, Inc. ("General Wire Products") is responsible for the waste attributable to "General Electric Co.," "General Electric Wire & Cable," "General Wire" and "R C A" as alleged in Paragraph No. 338 above.

341. To date, General Wire Products has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

342. According to Metro Container Site records, Defendant George H. Blouch Fuel Service Inc. ("Blouch Fuel") contributed at least 111 drums of materials containing hazardous substances to the Metro Container Site.

343. To date, Blouch Fuel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

344. Defendant George Noblett Oil Company, Inc. d/b/a NWP Energy Co. ("NWP Energy") is responsible for the waste attributable to "Peoples Oil Co. Inc."

345. According to Metro Container Site records, "Peoples Oil Co. Inc." contributed at least 630 drums of materials containing hazardous substances to the Metro Container Site.

346. To date, NWP Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

347. Alternatively, Defendant Big Tree, Inc. ("Big Tree") is responsible for the waste attributable to "Peoples Oil Co. Inc.," as alleged in Paragraph No. 345 above.

348. To date, Big Tree has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

349. According to Metro Container Site records, Defendant Georgetown Mill Supplies, Inc. ("Georgetown Mill Supplies") contributed at least 291 drums of materials containing hazardous substances to the Metro Container Site.

350. To date, Georgetown Mill Supplies has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

351. Defendant GKN Plc ("GKN") is responsible for the waste attributable to "Hoeganes."

352. According to Metro Container Site records, "Hoeganes" contributed at least 124 drums of materials containing hazardous substances to the Metro Container Site.

353. To date, GKN has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

354. Defendant Globe Petroleum, Inc. ("Globe Petroleum") is responsible for the waste attributable to "Monmouth Petroleum Co."

355. According to Metro Container Site records, "Monmouth Petroleum Co." contributed at least 1,403 drums of materials containing hazardous substances to the Metro Container Site.

356. To date, Globe Petroleum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

357. Defendant The Gott Company d/b/a Q-Dog Quality Discount Oil & Gas ("Gott") is responsible for the waste attributable to "Reliable Oil Co."

358. According to Metro Container Site records, "Reliable Oil Co." contributed at least 34 drums of materials containing hazardous substances to the Metro Container Site.

359. To date, Gott has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

360. Defendant Green Knoll Company ("Green Knoll") is responsible for the waste attributable to "Creemont Cemetery."

361. According to Metro Container Site records, "Creemont Cemetery" contributed at least 6 drums of materials containing hazardous substances to the Metro Container Site.

362. To date, Green Knoll has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

363. According to Metro Container Site records, Defendant Greensboro Supply, Inc. ("Greensboro Supply") contributed at least 6 drums of materials containing hazardous substances to the Metro Container Site.

364. To date, Greensboro Supply has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

365. Defendant Griffith Energy Services, Inc. ("Griffith Energy") is responsible for the waste attributable to "Carl King," "Frederick Petroleum Corp.," "Hutzler Oil Co.," "McMahon Oil Co.," "S.L. Bare, Inc." and "Sallidy Oil Co, Inc."

366. According to Metro Container Site records, "Carl King," "Frederick Petroleum Corp.," "Hutzler Oil Co.," "McMahon Oil Co.," "S.L. Bare, Inc." and "Sallidy Oil Co, Inc" contributed at least 3,274 drums of materials containing hazardous substances to the Metro Container Site.

367. To date, Griffith Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

368. Defendant Grove Textiles, Inc. ("Grove Textiles") is responsible for the waste attributable to "Grave Silk Co." and "Grove Silk Co."

369. According to Metro Container Site records, "Grave Silk Co." and "Grove Silk Co." contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

370. To date, Grove Textiles has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

371. Defendant GTJ Reit, Inc. ("GTJ Reit") is responsible for the waste attributable to "Green Bus Lines" and "Varsity Transit Inc."

372. According to Metro Container Site records, "Green Bus Lines" and "Varsity Transit Inc" contributed at least 406 drums of materials containing hazardous substances to the Metro Container Site.

373. To date, GTJ Reit, Inc. has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

374. According to Metro Container Site records, Defendant Gwaltney Oil and Gas Co., Inc. ("Gwaltney Oil") contributed at least 18 drums of materials containing hazardous substances to the Metro Container Site.

375. To date, Gwaltney Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

376. According to Metro Container Site records, Defendant Hahn Oil, Inc. ("Hahn Oil") contributed at least 130 drums of materials containing hazardous substances to the Metro Container Site.

377. To date, Hahn Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

378. According to Metro Container Site records, Defendant Halsey, Inc. ("Halsey") contributed at least 9 drums of materials containing hazardous substances to the Metro Container Site.

379. To date, Halsey has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

380. According to Metro Container Site records, Defendant Harlingen Garage, Inc. ("Harlingen") contributed at least 11 drums of materials containing hazardous substances to the Metro Container Site.

381. To date, Harlingen has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

382. According to Metro Container Site records, Defendant Harned Oil, Inc. ("Harned Oil") contributed at least 253 drums of materials containing hazardous substances to the Metro Container Site.

383. To date, Harned Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

384. According to Metro Container Site records, Defendant Harriett's Energy Solutions ("Harriett's Energy") contributed at least 699 drums of materials containing hazardous substances to the Metro Container Site.

385. To date, Harriett's Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

386. Defendant Harsco Corporation ("Harsco") is responsible for the waste attributable to "Bowen Mcglauglin," "Bowen Mclaughlin" and "Taylor Wharton."

387. According to Metro Container Site records, "Bowen Mcglauglin," "Bowen Mclaughlin" and "Taylor Wharton" contributed at least 489 drums of materials containing hazardous substances to the Metro Container Site.

388. To date, Harsco has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

389. Alternatively, Defendant BAE Systems Land & Armaments L.P. ("BAE") is responsible for the waste attributable to "Bowen Mcglauglin" and "Bowen Mclaughlin" as alleged in Paragraph No. 387 above.

390. To date, BAE has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

391. Alternatively, Defendant Taylor-Wharton America, Inc. ("Taylor-Wharton") is responsible for the waste attributable to "Taylor Wharton" as alleged in Paragraph No. 387 above.

392. To date, Taylor-Wharton has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

393. According to Metro Container Site records, Defendant Hays Tug & Launch Service, Inc. ("Hays Tug") contributed at least 22 drums of materials containing hazardous substances to the Metro Container Site.

394. To date, Hays Tug has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

395. According to Metro Container Site records, Defendant The Hertz Corporation ("Hertz") contributed at least 13 drums of materials containing hazardous substances to the Metro Container Site.

396. To date, Hertz has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

397. Defendant High Performance Holdings Ltd. Inc. ("High Performance") is responsible for the waste attributable to "Ettco Tool & Machine."

398. According to Metro Container Site records, "Ettco Tool & Machine" contributed at least 5 drums of materials containing hazardous substances to the Metro Container Site.

399. To date, High Performance has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

400. According to Metro Container Site records, Defendant Highhouse Oil Co., Inc. ("Highhouse Oil") contributed at least 101 drums of materials containing hazardous substances to the Metro Container Site.

401. To date, Highhouse Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

402. According to Metro Container Site records, Defendant Home Oil, Inc. ("Home Oil") contributed at least 1,409 drums of materials containing hazardous substances to the Metro Container Site.

403. To date, Home Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

404. Defendant HOP Energy, LLC d/b/a Major Oil ("HOP Energy") is responsible for the waste attributable to "Danielson Oil Company, Inc.," "Heating Oil Partners, L.P. d/b/a Brinker's Fuel," "HOP Energy, LLC d/b/a Major Oil," "Major Petroleum Industries Inc." and "Metro Oil & Chemical."

405. According to Metro Container Site records, "Danielson Oil Company, Inc.," "Heating Oil Partners, L.P. d/b/a Brinker's Fuel," "HOP Energy, LLC d/b/a Major Oil," "Major Petroleum Industries Inc." and "Metro Oil & Chemical" contributed at least 1,485 drums of materials containing hazardous substances to the Metro Container Site.

406. To date, HOP Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

407. Defendant Hospital Central Services Cooperative, Inc. ("Hospital Services") is responsible for the waste attributable to "Nu-Dyper Baby Serv." and "NY-Dyper Baby Services."

408. According to Metro Container Site records, "Nu-Dyper Baby Serv." and "NY-Dyper Baby Services" contributed at least 5 drums of materials containing hazardous substances to the Metro Container Site.

409. To date, Hospital Services has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

410. Defendant Hostess Brands, LLC ("Hostess Brands") is responsible for the waste attributable to "ITT Continental."

411. According to Metro Container Site records, "ITT Continental" contributed at least 4 drums of materials containing hazardous substances to the Metro Container Site.

412. To date, Hostess Brands has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

413. According to Metro Container Site records, Defendant Houff Transfer, Inc. ("Houff Transfer") contributed at least 17,100 drums of materials containing hazardous substances to the Metro Container Site.

414. To date, Houff Transfer has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

415. Defendant Houghton Chemical Corporation ("Houghton Chemical") is responsible for the waste attributable to "Novick Chemical Co."

416. According to Metro Container Site records, "Novick Chemical Co." contributed at least 1,389 drums of materials containing hazardous substances to the Metro Container Site.

417. To date, Houghton Chemical has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

418. Alternatively, Defendant Novick Chemical Co. ("Novick Chemical") is responsible for the waste attributable to "Novick Chemical Co.," as alleged in Paragraph No. 416 above.

419. To date, Novick Chemical has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

420. According to Metro Container Site records, Defendant IMO Industries Inc. ("IMO Industries") contributed at least 341 drums of materials containing hazardous substances to the Metro Container Site.

421. To date, IMO Industries has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

422. Defendant INC-Maryland, LLC ("INC-Maryland") is responsible for the waste attributable to "Abbey Drum Co."

423. According to Metro Container Site records, "Abbey Drum Co." contributed at least 3,402 drums of materials containing hazardous substances to the Metro Container Site.

424. To date, INC-Maryland has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

425. According to Metro Container Site records, Defendant Industrial Drum Co., Inc. ("Industrial Drum") contributed at least 3,086 drums of materials containing hazardous substances to the Metro Container Site.

426. To date, Industrial Drum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

427. According to Metro Container Site records, Defendant Ingersoll-Rand Co. ("Ingersoll-Rand") contributed at least 426 drums of materials containing hazardous substances to the Metro Container Site.

428. To date, Ingersoll-Rand has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

429. Defendant Ivaco Steel Processing (New York) LLC ("Ivaco Steel") is responsible for the waste attributable to "National Wire Co." and "National Wire Products."

430. According to Metro Container Site records, "National Wire Co." and "National Wire Products" contributed at least 93 drums of materials containing hazardous substances to the Metro Container Site.

431. To date, Ivaco Steel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

432. Defendant Ivyland Village, L.P. ("Ivyland Village") is responsible for the waste attributable to "De Paul" and "Tony De Paul."

433. According to Metro Container Site records, "De Paul" and "Tony De Paul" contributed at least 24 drums of materials containing hazardous substances to the Metro Container Site.

434. To date, Ivyland Village has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

435. Defendant J. Larocca Construction Inc. d/b/a Brite Lumber & Home Center ("Larocca Construction") is responsible for the waste attributable to "Norman Bright Inc."

436. According to Metro Container Site records, "Norman Bright Inc." contributed at least 120 drums of materials containing hazardous substances to the Metro Container Site.

437. To date, Larocca Construction has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

438. According to Metro Container Site records, Defendant J.B. Hunt Transport Services, Inc. ("J.B. Hunt") contributed at least 9,241 drums of materials containing hazardous substances to the Metro Container Site.

439. To date, J.B. Hunt has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

440. According to Metro Container Site records, Defendant J.O. Cook, Inc. ("J.O. Cook") contributed at least 148 drums of materials containing hazardous substances to the Metro Container Site.

441. To date, J.O. Cook has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

442. According to Metro Container Site records, Defendant J.P. Russell & Son, Inc. ("Russell & Son") contributed at least 10 drums of materials containing hazardous substances to the Metro Container Site.

443. To date, Russell & Son has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

444. According to Metro Container Site records, Defendant Jack A. Allen, Inc. d/b/a Allen Oil ("Jack Allen") contributed at least 318 drums of materials containing hazardous substances to the Metro Container Site.

445. To date, Jack Allen has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

446. Defendant Jack Rich Inc. d/b/a Pottsville Fuel ("Jack Rich") is responsible for the waste attributable to "Pattonelle Fuel Co.," "Pattsville Fuel," "Pottsville Fuel Co." and "Pottsville Fuel Company Inc."

447. According to Metro Container Site records, "Pattonelle Fuel Co.," "Pattsville Fuel," "Pottsville Fuel Co." and "Pottsville Fuel Company Inc." contributed at least 687 drums of materials containing hazardous substances to the Metro Container Site.

448. To date, Jack Rich has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

449. According to Metro Container Site records, Defendant James D. Morrissey, Inc. ("Morrissey") contributed at least 593 drums of materials containing hazardous substances to the Metro Container Site.

450. To date, Morrissey has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

451. According to Metro Container Site records, Defendant James T. Warring Sons, Inc. ("Warring Sons") contributed at least 34,099 drums of materials containing hazardous substances to the Metro Container Site.

452. To date, Warring Sons has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

453. According to Metro Container Site records, Defendant Jehu, R. L. Gulf Supply, Inc. ("Gulf Supply") contributed at least 609 drums of materials containing hazardous substances to the Metro Container Site.

454. To date, Gulf Supply has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

455. According to Metro Container Site records, Defendant Jersey Plastic Molders, Inc. ("Jersey Plastic") contributed at least 6 drums of materials containing hazardous substances to the Metro Container Site.

456. To date, Jersey Plastic has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

457. According to Metro Container Site records, Defendant Jet Blast, Inc. ("Jet Blast") contributed at least 10 drums of materials containing hazardous substances to the Metro Container Site.

458. To date, Jet Blast has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

459. Defendant Jet Pulverizer Co. Inc. ("Jet Pulverizer") is responsible for the waste attributable to "Micro Repair" and "Mirco Repair Co."

460. According to Metro Container Site records, "Micro Repair" and "Mirco Repair Co." contributed at least 9 drums of materials containing hazardous substances to the Metro Container Site.

461. To date, Jet Pulverizer has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

462. According to Metro Container Site records, Defendant John Gabriel Jr., Inc. ("John Gabriel") contributed at least 18 drums of materials containing hazardous substances to the Metro Container Site.

463. To date, John Gabriel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

464. Defendant Johnson Controls International, Inc. ("Johnson Controls") is responsible for the waste attributable to "A.M.P. Inc.," "A. M. P. Inc." and "ITT Grinnell Corp."

465. According to Metro Container Site records, "A.M.P. Inc.," "A. M. P. Inc." and "ITT Grinnell Corp." contributed at least 1,048 drums of materials containing hazardous substances to the Metro Container Site.

466. To date, Johnson Controls has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

467. Defendant K&K Auto Parts, LLC ("K&K Auto") is responsible for the waste attributable to "F&W Parts" and "F&Y Auto Parts."

468. According to Metro Container Site records, "F&W Parts" and "F&Y Auto Parts" contributed at least 36 drums of materials containing hazardous substances to the Metro Container Site.

469. To date, K&K Auto has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

470. Defendant K&S Towing, Inc. ("K&S Towing") is responsible for the waste attributable to "Jerome F. Plisinski" and "Plisinski Bros Inc."

471. According to Metro Container Site records, "Jerome F. Plisinski" and "Plisinski Bros Inc." contributed at least 16 drums of materials containing hazardous substances to the Metro Container Site.

472. To date, K&S Towing has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

473. According to Metro Container Site records, Defendant Kessler Chemical, Inc. ("Kessler Chemical") contributed at least 447 drums of materials containing hazardous substances to the Metro Container Site.

474. To date, Kessler Chemical has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

475. Defendant Kone Inc. ("Kone") is responsible for the waste attributable to "Montgomery Elevator Co."

476. According to Metro Container Site records, "Montgomery Elevator Co." contributed at least 25 drums of materials containing hazardous substances to the Metro Container Site.

477. To date, Kone has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

478. According to Metro Container Site records, Defendant L.F. Taylor, Inc. ("L.F. Taylor") contributed at least 10 drums of materials containing hazardous substances to the Metro Container Site.

479. To date, L.F. Taylor has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

480. According to Metro Container Site records, Defendant Lake Champlain Coal Co., Inc. ("Lake Champlain Coal") contributed at least 10 drums of materials containing hazardous substances to the Metro Container Site.

481. To date, Lake Champlain Coal has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

482. Defendant Landis Solutions, LLC ("Landis") is responsible for the waste attributable to "Landis Tool Co."

483. According to Metro Container Site records, Landis Tool Co. contributed at least 59 drums of materials containing hazardous substances to the Metro Container Site.

484. To date, Landis has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

485. According to Metro Container Site records, Defendant Laney Oil Co., Inc. ("Laney Oil") contributed at least 9,532 drums of materials containing hazardous substances to the Metro Container Site.

486. To date, Laney Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

487. According to Metro Container Site records, Defendant Leroux Oil Co., Inc. ("Leroux Oil") contributed at least 65 drums of materials containing hazardous substances to the Metro Container Site.

488. To date, Leroux Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

489. According to Metro Container Site records, Defendant Lester M. Prange Inc. ("Lester Prange") contributed at least 66 drums of materials containing hazardous substances to the Metro Container Site.

490. To date, Lester Prange has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

491. Defendant Levy United News Inc. ("Levy United") is responsible for the waste attributable to "Unitted New Company."

492. According to Metro Container Site records, "Unitted New Company" contributed at least 2 drums of materials containing hazardous substances to the Metro Container Site.

493. To date, Levy United has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

494. Defendant Liberty Lines Transit, Inc. ("Liberty Lines") is responsible for the waste attributable to "Liberty Coach" and "Riverdale Transit."

495. According to Metro Container Site records, "Liberty Coach" and "Riverdale Transit" contributed at least 202 drums of materials containing hazardous substances to the Metro Container Site.

496. To date, Liberty Lines has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

497. Defendant Lockheed Martin Corporation ("Lockheed Martin") is responsible for the waste attributable to "Martin Marietta Corp."

498. According to Metro Container Site records, "Martin Marietta Corp." contributed at least 249 drums of materials containing hazardous substances to the Metro Container Site.

499. To date, Lockheed Martin has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

500. Defendant Loomis Armored US, LLC ("Loomis Armored") is responsible for the waste attributable to "Loomis Armored Inc.," "Purlatel Armed Inc." and "Purolator Security."

501. According to Metro Container Site records, "Loomis Armored Inc.," "Purlatel Armed Inc." and "Purolator Security" contributed at least 19 drums of materials containing hazardous substances to the Metro Container Site.

502. To date, Loomis Armored has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

503. Alternatively, Defendant Purolator International, Inc. ("Purolator") is responsible for the waste attributable to "Loomis Armored Inc.," "Purlatel Armed Inc." and "Purolator Security," as alleged in Paragraph No. 501 above.

504. To date, Purolator has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

505. Defendant Loumark Ltd. ("Loumark") is responsible for the waste attributable to "Elman Bros."

506. According to Metro Container Site records, "Elman Bros" contributed at least 75 drums of materials containing hazardous substances to the Metro Container Site.

507. To date, Loumark has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

508. Defendant LVD Acquisition, LLC d/b/a Oasis International ("LVD") is responsible for the waste attributable to "Sunroc Corporation."

509. According to Metro Container Site records, "Sunroc Corporation" contributed at least 71 drums of materials containing hazardous substances to the Metro Container Site.

510. To date, LVD has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

511. According to Metro Container Site records, Defendant M. Cohen & Sons Inc. ("M. Cohen") contributed at least 2 drums of materials containing hazardous substances to the Metro Container Site.

512. To date, M. Cohen has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

513. Defendant Mack Oil Co., Inc. ("Mack Oil") is responsible for the waste attributable to "L.L. Meloy & Son, Inc."

514. According to Metro Container Site records, "L.L. Meloy & Son, Inc." contributed at least 167 drums of materials containing hazardous substances to the Metro Container Site.

515. To date, Mack Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

516. Defendant Magnesita Refractories Co. ("Magnesita Refractories") is responsible for the waste attributable to "J.E. Baker Co."

517. According to Metro Container Site records, "J.E. Baker Co." contributed at least 109 drums of materials containing hazardous substances to the Metro Container Site.

518. To date, Magnesita Refractories has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

519. According to Metro Container Site records, Defendant Majestic Oil Co. (“Majestic Oil”) contributed at least 73 drums of materials containing hazardous substances to the Metro Container Site.

520. To date, Majestic Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

521. According to Metro Container Site records, Defendant Manassas Ice and Fuel Co., Inc. (“Manassas Ice”) contributed at least 1,167 drums of materials containing hazardous substances to the Metro Container Site.

522. To date, Manassas Ice has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

523. According to Metro Container Site records, Defendant Marine Lubricants, Inc. (“Marine Lubricants”) contributed at least 1,902 drums of materials containing hazardous substances to the Metro Container Site.

524. To date, Marine Lubricants has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

525. According to Metro Container Site records, Defendant Marine Oil Service, Inc. (“Marine Oil”) contributed at least 4,152 drums of materials containing hazardous substances to the Metro Container Site.

526. To date, Marine Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

527. Defendant Martin Marietta Materials, Inc. ("Martin Marietta") is responsible for the waste attributable to "Genstar Stone Products."

528. According to Metro Container Site records, "Genstar Stone Products" contributed at least 90 drums of materials containing hazardous substances to the Metro Container Site.

529. To date, Martin Marietta has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

530. Defendant Martin Oil Co. ("Martin Oil") is responsible for the waste attributable to "Martin Oil Company" and "Nittany Oil Co."

531. According to Metro Container Site records, "Martin Oil Company" and "Nittany Oil Co." contributed at least 1,583 drums of materials containing hazardous substances to the Metro Container Site.

532. To date, Martin Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

533. According to Metro Container Site records, Defendant Masonite Corporation ("Masonite") contributed at least 183 drums of materials containing hazardous substances to the Metro Container Site.

534. To date, Masonite has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

535. Defendant Masters Concrete Products, Inc. ("Masters Concrete") is responsible for the waste attributable to "R.S. Masters."

536. According to Metro Container Site records, "R.S. Masters" contributed at least 14 drums of materials containing hazardous substances to the Metro Container Site.

537. To date, Masters Concrete has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

538. According to Metro Container Site records, Defendant Mauger & Co., Inc. ("Mauger") contributed at least 1,987 drums of materials containing hazardous substances to the Metro Container Site.

539. To date, Mauger has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

540. Defendant MCO, Inc. ("MCO") is responsible for the waste attributable to "Medallion Oil" and "Rad Medallion."

541. According to Metro Container Site records, "Medallion Oil" and "Rad Medallion" contributed at least 3,012 drums of materials containing hazardous substances to the Metro Container Site.

542. To date, MCO has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

543. Defendant Mega Concrete, Inc. ("Mega Concrete") is responsible for the waste attributable to "D. Capponi & Sons."

544. According to Metro Container Site records, "D. Capponi & Sons" contributed at least 38 drums of materials containing hazardous substances to the Metro Container Site.

545. To date, Mega Concrete has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

546. According to Metro Container Site records, Defendant Mercer County Community College ("MCCC") contributed at least 5 drums of materials containing hazardous substances to the Metro Container Site.

547. To date, MCCC has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

548. According to Metro Container Site records, Defendant Metallurgical Processing, Inc. ("Metallurgical Processing") contributed at least 2 drums of materials containing hazardous substances to the Metro Container Site.

549. To date, Metallurgical Processing has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

550. According to Metro Container Site records, Defendant Metropolitan Life Insurance Co. d/b/a MetLife ("MetLife") contributed at least 26 drums of materials containing hazardous substances to the Metro Container Site.

551. To date, MetLife has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

552. According to Metro Container Site records, Defendant Midway Oil and Gas Co., Inc. ("Midway Oil") contributed at least 1,803 drums of materials containing hazardous substances to the Metro Container Site.

553. To date, Midway Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

554. Defendant Miller and Sons ("Miller") is responsible for the waste attributable to "Robert M. Harper & Sons."

555. According to Metro Container Site records, "Robert M. Harper & Sons" contributed at least 88 drums of materials containing hazardous substances to the Metro Container Site.

556. To date, Miller has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

557. Defendant Miller's Trucking Service, Inc. ("Miller's Trucking") is responsible for the waste attributable to "Millen Fuel Oil."

558. According to Metro Container Site records, "Millen Fuel Oil" contributed at least 13 drums of materials containing hazardous substances to the Metro Container Site.

559. To date, Miller's Trucking has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

560. Defendant Mirabito Holdings, Inc. ("Mirabito") is responsible for the waste attributable to "Norwich Oil Co." and "Oneonta Oil Fuel."

561. According to Metro Container Site records, "Norwich Oil Co." and "Oneonta Oil Fuel." contributed at least 105 drums of materials containing hazardous substances to the Metro Container Site.

562. To date, Mirabito has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

563. Defendant MKP Enterprises, Inc. ("MKP Enterprises") is responsible for the waste attributable to "Erie Petroleum Co."

564. According to Metro Container Site records, "Erie Petroleum Co." contributed at least 228 drums of materials containing hazardous substances to the Metro Container Site.

565. To date, MKP Enterprises has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

566. According to Metro Container Site records, Defendant Mongans Inc. ("Mongans") contributed at least 28 drums of materials containing hazardous substances to the Metro Container Site.

567. To date, Mongans has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

568. Defendant Moore & Balliew Oil Co., Inc. ("Moore & Balliew") is responsible for the waste attributable to "Moore Bros. Oil Co."

569. According to Metro Container Site records, "Moore Bros. Oil Co." contributed at least 2,125 drums of materials containing hazardous substances to the Metro Container Site.

570. To date, Moore & Balliew has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

571. Defendant Moore Outdoor Rejuvenation, Inc. ("Moore Outdoor") is responsible for the waste attributable to "Cappelli Excavating Co." and "Capital Excavating Co."

572. According to Metro Container Site records, "Cappelli Excavating Co." and "Capital Excavating Co." contributed at least 27 drums of materials containing hazardous substances to the Metro Container Site.

573. To date, Moore Outdoor has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

574. Defendant Moore's Auto Center and Fuels, LLC ("Moore's Auto") is responsible for the waste attributable to "Ed N. Moore" and "Edward Moore."

575. According to Metro Container Site records, "Ed N. Moore" and "Edward Moore" contributed at least 5 drums of materials containing hazardous substances to the Metro Container Site.

576. To date, Moore's Auto has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

577. According to Metro Container Site records, Defendant Moran Towing Corporation ("Moran Towing") contributed at least 91 drums of materials containing hazardous substances to the Metro Container Site.

578. To date, Moran Towing has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

579. According to Metro Container Site records, Defendant MSM Service Co. ("MSM Service") contributed at least 2 drums of materials containing hazardous substances to the Metro Container Site.

580. To date, MSM Service has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

581. Defendant Muncy Industries, LLC ("Muncy Industries") is responsible for the waste attributable to "Muncy Machine & Tool."

582. According to Metro Container Site records, "Muncy Machine & Tool" contributed at least 18 drums of materials containing hazardous substances to the Metro Container Site.

583. To date, Muncy Industries has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

584. According to Metro Container Site records, Defendant Nelson Oil Co., Inc. ("Nelson Oil") contributed at least 269 drums of materials containing hazardous substances to the Metro Container Site.

585. To date, Nelson Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

586. According to Metro Container Site records, Defendant New Dixie Oil Corporation ("New Dixie") contributed at least 319 drums of materials containing hazardous substances to the Metro Container Site.

587. To date, New Dixie has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

588. Defendant New Enterprise Stone and Lime Co., Inc. ("New Enterprise Stone") is responsible for the waste attributable to "A.G. Kurtz," "Aggregates Inc," "Eastern Industries," "Eastern Industries Inc," "Elco-Hausman Construction," "Martin Limestone Inc.," "Mt. Cydona Sand Co," "State Aggregates" and "Valley Quarries Inc."

589. According to Metro Container Site records, "A.G. Kurtz," "Aggregates Inc," "Eastern Industries," "Eastern Industries Inc," "Elco-Hausman Construction," "Martin Limestone Inc.," "Mt. Cydona Sand Co," "State Aggregates" and "Valley Quarries Inc." contributed at least 789 drums of materials containing hazardous substances to the Metro Container Site.

590. To date, New Enterprise Stone has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

591. According to Metro Container Site records, Defendant New Hampshire Ball Bearings, Inc. ("NH Ball Bearings") contributed at least 4 drums of materials containing hazardous substances to the Metro Container Site.

592. To date, NH Ball Bearings has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

593. Defendant Newman & Co., Inc. ("Newman & Co.") is responsible for the waste attributable to "Newman Co."

594. According to Metro Container Site records, "Newman Co." contributed at least 9 drums of materials containing hazardous substances to the Metro Container Site.

595. To date, Newman & Co. has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

596. Defendant NGK Metals Corporation ("NGK Metals") is responsible for the waste attributable to "Kawecki-Berylco."

597. According to Metro Container Site records, "Kawecki-Berylco" contributed at least 3 drums of materials containing hazardous substances to the Metro Container Site.

598. To date, NGK Metals has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

599. Alternatively, Defendant Cabot Corporation ("Cabot") is responsible for the waste attributable to "Kawecki-Berylco," as alleged in Paragraph No. 597 above.

600. To date, Cabot has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

601. Defendant NiSource Inc. ("NiSource") is responsible for the waste attributable to "Ace Bottled Gas."

602. According to Metro Container Site records, "Ace Bottled Gas" contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

603. To date, NiSource has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

604. According to Metro Container Site records, Defendant Norbert E. Mitchell Co., Inc. ("Norbert Mitchell") contributed at least 406 drums of materials containing hazardous substances to the Metro Container Site.

605. To date, Norbert Mitchell has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

606. Defendant North East Oil Co., Inc. ("North East Oil") is responsible for the waste attributable to "Creywood Oil Company."

607. According to Metro Container Site records, "Creywood Oil Company" contributed at least 324 drums of materials containing hazardous substances to the Metro Container Site.

608. To date, North East Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

609. Defendant Novares US LLC ("Novares") is responsible for the waste attributable to "Superior Mold Builders, Inc."

610. According to Metro Container Site records, "Superior Mold Builders, Inc." contributed at least 14 drums of materials containing hazardous substances to the Metro Container Site.

611. To date, Novares has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

612. According to Metro Container Site records, Defendant NY State Electric and Gas Corporation ("NY State Electric") contributed at least 110 drums of materials containing hazardous substances to the Metro Container Site.

613. To date, NY State Electric has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

614. Defendant NRG Heat & Power, LLC d/b/a Liberty Oil & Propane ("NRG") is responsible for the waste attributable to "Liberty Oil Co."

615. According to Metro Container Site records, "Liberty Oil Co." contributed at least 752 drums of materials containing hazardous substances to the Metro Container Site.

616. To date, NRG has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

617. Defendant O.F. Zurn Co. ("Zurn") is responsible for the waste attributable to "O.F. Zurn" and "Zurn Oil."

618. According to Metro Container Site records, "O.F. Zurn" and "Zurn Oil" contributed at least 6,537 drums of materials containing hazardous substances to the Metro Container Site.

619. To date, Zurn has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

620. According to Metro Container Site records, Defendant Oakes Oil Co. ("Oakes Oil") contributed at least 16 drums of materials containing hazardous substances to the Metro Container Site.

621. To date, Oakes Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

622. Defendant Occidental Chemical Holding Corporation ("Occidental") is responsible for the waste attributable to "Occidental Chemical & Plastics" and "Oxy Chemical."

623. According to Metro Container Site records, "Occidental Chemical & Plastics" and "Oxy Chemical" contributed at least 5,022 drums of materials containing hazardous substances to the Metro Container Site.

624. To date, Occidental has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

625. Defendant The Oil Man Corporation d/b/a Enright & Sons ("Oil Man") is responsible for the waste attributable to "The Oil Man."

626. According to Metro Container Site records, "The Oil Man" contributed at least 171 drums of materials containing hazardous substances to the Metro Container Site.

627. To date, Oil Man has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

628. Defendant OMNOVA Solutions Inc. ("OMNOVA") is responsible for the waste attributable to "Goodyear Rubber" and "Reneer Film."

629. According to Metro Container Site records, "Goodyear Rubber" and "Reneer Film" contributed at least 12 drums of materials containing hazardous substances to the Metro Container Site.

630. To date, OMNOVA has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

631. According to Metro Container Site records, Defendant Oneida Motor Freight, Inc. ("Oneida Motor") contributed at least 3 drums of materials containing hazardous substances to the Metro Container Site.

632. To date, Oneida Motor has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

633. According to Metro Container Site records, Defendant Owens Corning ("Owens Corning") contributed at least 214 drums of materials containing hazardous substances to the Metro Container Site.

634. To date, Owens Corning has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

635. According to Metro Container Site records, Defendant Oxford Grain & Hay Co. d/b/a Oxford Feed & Lumber ("Oxford Grain") contributed at least 29 drums of materials containing hazardous substances to the Metro Container Site.

636. To date, Oxford Grain has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

637. According to Metro Container Site records, Defendant P.H. Glatfelter Co. ("P.H. Glatfelter") contributed at least 1,993 drums of materials containing hazardous substances to the Metro Container Site.

638. To date, P.H. Glatfelter has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

639. According to Metro Container Site records, Defendant P.R. Hoffman Machine Products, Inc. ("Hoffman") contributed at least 4 drums of materials containing hazardous substances to the Metro Container Site.

640. To date, Hoffman has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

641. Alternatively, Defendant Atlas Copco North America LLC ("Atlas Copco") is responsible for the waste attributable to Hoffman as alleged in Paragraph No. 639 above.

642. To date, Atlas Copco has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

643. Defendant Pabst Brewing Co. ("Pabst Brewing") is responsible for the waste attributable to "F&M Schaefer Brewing Co.," "Pabst Brewing Co." and "Stroh Brewery Co."

644. According to Metro Container Site records, "F&M Schaefer Brewing Co.," "Pabst Brewing Co." and "Stroh Brewery Co." contributed at least 709 drums of materials containing hazardous substances to the Metro Container Site.

645. To date, Pabst Brewing has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

646. According to Metro Container Site records, Defendant Pannell Manufacturing Corporation ("Pannell") contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

647. To date, Pannell has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

648. According to Metro Container Site records, Defendant Parish Energy Fuels, Inc. ("Parish Energy") contributed at least 7 drums of materials containing hazardous substances to the Metro Container Site.

649. To date, Parish Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

650. According to Metro Container Site records, Defendant Parker Oil Co., Inc. ("Parker Oil") contributed at least 203 drums of materials containing hazardous substances to the Metro Container Site.

651. To date, Parker Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

652. According to Metro Container Site records, Defendant Pat Barrett Transmissions Inc. ("Pat Barrett") contributed at least 21 drums of materials containing hazardous substances to the Metro Container Site.

653. To date, Pat Barrett has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

654. Defendant Patrick J. Kelly Drums, Inc. ("Kelly Drums") is responsible for the waste attributable to "Donald B. Kelly" and "Kelly."

655. According to Metro Container Site records, "Donald B. Kelly" and "Kelly" contributed at least 42,658 drums of materials containing hazardous substances to the Metro Container Site.

656. To date, Kelly Drums has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

657. According to Metro Container Site records, Defendant Paul Bradigan & Sons Inc. d/b/a Bradigan Inc. ("Bradigan & Sons") contributed at least 476 drums of materials containing hazardous substances to the Metro Container Site.

658. To date, Bradigan & Sons has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

659. Defendant PECO Energy Co. ("PECO Energy") is responsible for the waste attributable to "Phila. Electric Co." and "Philadelphia Electric."

660. According to Metro Container Site records, "Phila. Electric Co." and "Philadelphia Electric." contributed at least 502 drums of materials containing hazardous substances to the Metro Container Site.

661. To date, PECO Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

662. Defendant Penn Fishing Tackle MFG. Co. d/b/a Penn Reels ("Penn Fishing") is responsible for the waste attributable to "Penn Fishing Tackle Manufacturing."

663. According to Metro Container Site records, "Penn Fishing Tackle Manufacturing" contributed at least 6 drums of materials containing hazardous substances to the Metro Container Site.

664. To date, Pure Fishing has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

665. Defendant Penn Mar Oil Co., Inc. ("Penn Mar") is responsible for the waste attributable to "L.K. Mckenzie" and "Penn Mar Oil Co."

666. According to Metro Container Site records, "L.K. Mckenzie" and "Penn Mar Oil Co." contributed at least 102 drums of materials containing hazardous substances to the Metro Container Site.

667. To date, Penn Mar has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

668. Defendant Penn Petroleum, Inc. d/b/a William R. Gift ("Penn Petroleum") is responsible for the waste attributable to "William R. Gift" and "William L. Gift."

669. According to Metro Container Site records, "William R. Gift" and "William L. Gift" contributed at least 385 drums of materials containing hazardous substances to the Metro Container Site.

670. To date, Penn Petroleum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

671. Defendant Pennsylvania Machine Works, Inc. ("Pennsylvania Machine") is responsible for the waste attributable to "Pennsylvania Machine Works Inc." and "U.S. Drop Forge."

672. According to Metro Container Site records, "Pennsylvania Machine Works Inc." and "U.S. Drop Forge" contributed at least 15 drums of materials containing hazardous substances to the Metro Container Site.

673. To date, Pennsylvania Machine has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

674. Alternatively, Defendant US Drop Forge, Co. ("US Drop Forge") is responsible for the waste attributable to "U.S. Drop Forge," as alleged in Paragraph No. 672 above.

675. To date, US Drop Forge has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

676. According to Metro Container Site records, Defendant Peoples Gas & Oil Co., Inc. ("Peoples Gas") contributed at least 1,072 drums of materials containing hazardous substances to the Metro Container Site.

677. To date, Peoples Gas has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

678. Defendant PetroChoice Holdings, Inc. ("PetroChoice") is responsible for the waste attributable to "Dunlap, Mellor and Company, Inc.: James Good Co. Division."

679. According to Metro Container Site records, "Dunlap, Mellor and Company, Inc.: James Good Co. Division" contributed at least 3,208 drums of materials containing hazardous substances to the Metro Container Site.

680. To date, PetroChoice has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

681. According to Metro Container Site records, Defendant Petrol Plus, Inc. ("Petrol Plus") contributed at least 232 drums of materials containing hazardous substances to the Metro Container Site.

682. To date, Petrol Plus has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

683. According to Metro Container Site records, Defendant Petroleum Sales & Service, Inc. ("Petroleum Sales") contributed at least 100 drums of materials containing hazardous substances to the Metro Container Site.

684. To date, Petroleum Sales has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

685. Defendant Petroleum Service Co. ("Petroleum Service") is responsible for the waste attributable to "Domoco Gas & Oil Co.," "Petroleum Service Co." and "P.S.C."

686. According to Metro Container Site records, "Domoco Gas & Oil Co.," "Petroleum Service Co." and "P.S.C." contributed at least 5,043 drums of materials containing hazardous substances to the Metro Container Site.

687. To date, Petroleum Service has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

688. Defendant Pilkington North America Inc. ("Pilkington") is responsible for the waste attributable to "LOF Glass."

689. According to Metro Container Site records, "LOF Glass" contributed at least 84 drums of materials containing hazardous substances to the Metro Container Site.

690. To date, Pilkington has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

691. Defendant Pipeline Petroleum, Inc. ("Pipeline Petroleum") is responsible for the waste attributable to "Atlantic Oil & Heating."

692. According to Metro Container Site records, "Atlantic Oil & Heating" contributed at least 501 drums of materials containing hazardous substances to the Metro Container Site.

693. To date, Pipeline Petroleum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

694. Defendant PLR Ecommerce, LLC ("PLR") is responsible for the waste attributable to "Poleroid."

695. According to Metro Container Site records, "Poleroid" contributed at least 37 drums of materials containing hazardous substances to the Metro Container Site.

696. To date, PLR has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

697. Defendant PMC Global, Inc. ("PMC Global") is responsible for the waste attributable to "General Foam."

698. According to Metro Container Site records, "General Foam" contributed at least 5 drums of materials containing hazardous substances to the Metro Container Site.

699. To date, PMC Global has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

700. According to Metro Container Site records, Defendant Point Bay Fuel, Inc. ("Point Bay Fuel") contributed at least 117 drums of materials containing hazardous substances to the Metro Container Site.

701. To date, Point Bay Fuel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

702. Defendant Pomerantz Paper Corporation ("Pomerantz Paper") is responsible for the waste attributable to "Warner Manufacturing Corp."

703. According to Metro Container Site records, "Warner Manufacturing Corp." contributed at least 39 drums of materials containing hazardous substances to the Metro Container Site.

704. To date, Pomerantz Paper has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

705. According to Metro Container Site records, Defendant Pontarelli's Automotive & Marine Service Center Inc. ("Pontarelli's Automotive") contributed at least 2 drums of materials containing hazardous substances to the Metro Container Site.

706. To date, Pontarelli's Automotive has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

707. Defendant Ports America, Inc. ("Ports America") is responsible for the waste attributable to "Dundalk Marine Terminal," "I.T.O. Corp.," and "International Terminal."

708. According to Metro Container Site records, "Dundalk Marine Terminal," "I.T.O. Corp.," and "International Terminal" contributed at least 352 drums of materials containing hazardous substances to the Metro Container Site.

709. To date, Ports America has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

710. Alternatively, Defendant Delaware River Stevedores, Inc. ("DRS") is responsible for the waste attributable to "Dundalk Marine Terminal," "I.T.O. Corp.," and "International Terminal," as alleged in Paragraph No. 708 above.

711. To date, DRS has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

712. Defendant Pounding Mill Quarry Corporation ("Pounding Mill") is responsible for the waste attributable to "Blue Grass Oils Inc."

713. According to Metro Container Site records, "Blue Grass Oils Inc." contributed at least 1,153 drums of materials containing hazardous substances to the Metro Container Site.

714. To date, Pounding Mill has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

715. Defendant PPL Corporation ("PPL") is responsible for the waste attributable to "P.A. Power & Light Co.," "P P & Light," and "PA Power & Light."

716. According to Metro Container Site records, "P.A. Power & Light Co.," "P P & Light," and "PA Power & Light" contributed at least 778 drums of materials containing hazardous substances to the Metro Container Site.

717. To date, PPL has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

718. Defendant Precision Automation Company, Inc. ("Precision Automation") is responsible for the waste attributable to "New Jersey Wire Stitching."

719. According to Metro Container Site records, "New Jersey Wire Stitching" contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

720. To date, Precision Automation has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

721. Defendant Progressive Metal Works, Inc. ("Progressive Metal") is responsible for the waste attributable to "Palmer Rossi Manufacturing."

722. According to Metro Container Site records, "Palmer Rossi Manufacturing" contributed at least 13 drums of materials containing hazardous substances to the Metro Container Site.

723. To date, Progressive Metal has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

724. Defendant Quality Aire Co. ("Quality Aire") is responsible for the waste attributable to "S.W. Rawls."

725. According to Metro Container Site records, "S.W. Rawls" contributed at least 2,807 drums of materials containing hazardous substances to the Metro Container Site.

726. To date, Quality Aire has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

727. According to Metro Container Site records, Defendant Quality Metal Products Inc. ("Quality Metal") contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

728. To date, Quality Metal has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

729. According to Metro Container Site records, Defendant Quanex Building Products Corporation ("Quanex Building") contributed at least 19 drums of materials containing hazardous substances to the Metro Container Site.

730. To date, Quanex Building has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

731. Defendant Quarles Petroleum Inc. ("Quarles Petroleum") is responsible for the waste attributable to "Quarles Petroleum" and "Quarles Oil Co."

732. According to Metro Container Site records, "Quarles Petroleum" and "Quarles Oil Co." contributed at least 509 drums of materials containing hazardous substances to the Metro Container Site.

733. To date, Quarles Petroleum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

734. According to Metro Container Site records, Defendant Quick Service Taxi Co., Inc. ("Quick Service Taxi") contributed at least 16 drums of materials containing hazardous substances to the Metro Container Site.

735. To date, Quick Service Taxi has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

736. Alternatively, Defendant Yourway Transport ("Yourway") is responsible for the waste attributable to "Quick Service Taxi Co., Inc.," as alleged in Paragraph No. 734 above.

737. To date, Yourway has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

738. According to Metro Container Site records, Defendant R. Johns Transfer, Inc. ("R. Johns Transfer") contributed at least 200 drums of materials containing hazardous substances to the Metro Container Site.

739. To date, R. Johns Transfer has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

740. According to Metro Container Site records, Defendant R&W Oil Products, LLC ("R&W Oil") contributed at least 204 drums of materials containing hazardous substances to the Metro Container Site.

741. To date, R&W Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

742. Defendant Rahway Steel Drum Co., Inc. ("Rahway Steel") is responsible for the waste attributable to "JTM Drum Co.," "Rahway Steel Drum" and "Rollway Steel Drum Co."

743. According to Metro Container Site records, "JTM Drum Co.," "Rahway Steel Drum" and "Rollway Steel Drum Co." contributed at least 97,376 drums of materials containing hazardous substances to the Metro Container Site.

744. To date, Rahway Steel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

745. According to Metro Container Site records, Defendant Readco Kurimoto, LLC ("Readco Kurimoto") contributed at least 4 drums of materials containing hazardous substances to the Metro Container Site.

746. To date, Readco Kurimoto has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

747. According to Metro Container Site records, Defendant Reagent Chemical and Research, Inc. ("Reagent Chemical") contributed at least 207 drums of materials containing hazardous substances to the Metro Container Site.

748. To date, Reagent Chemical has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

749. According to Metro Container Site records, Defendant Red's of Jaffrey LLC ("Red's of Jaffrey") contributed at least 33 drums of materials containing hazardous substances to the Metro Container Site.

750. To date, Red's of Jaffrey has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

751. Defendant Refleg Corp. ("Refleg") is responsible for the waste attributable to "Premium Petroleum" and "Premium Petroleum Products."

752. According to Metro Container Site records, "Premium Petroleum" and "Premium Petroleum Products" contributed at least 216 drums of materials containing hazardous substances to the Metro Container Site.

753. To date, Refleg has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

754. Defendant Regional Rail LLC ("Regional Rail") is responsible for the waste attributable to "Mc Hugh Brothers."

755. According to Metro Container Site records, "Mc Hugh Brothers" contributed at least 15 drums of materials containing hazardous substances to the Metro Container Site.

756. To date, Regional Rail has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

757. According to Metro Container Site records, Defendant Reimer Brothers Inc. ("Reimer Brothers") contributed at least 204 drums of materials containing hazardous substances to the Metro Container Site.

758. To date, Reimer Brothers has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

759. According to Metro Container Site records, Defendant Reinauer Transportation Companies, LLC ("Reinauer Transportation") contributed at least 26 drums of materials containing hazardous substances to the Metro Container Site.

760. To date, Reinauer Transportation has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

761. Defendant Reinhardt Home Heating ("Reinhardt") is responsible for the waste attributable to "Reinhardt-Andrus" and "Reinholdt."

762. According to Metro Container Site records, "Reinhardt-Andrus" and "Reinholdt" contributed at least 169 drums of materials containing hazardous substances to the Metro Container Site.

763. To date, Reinhardt has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

764. Defendant Reit Fuel Oil Co. ("Reit Fuel") is responsible for the waste attributable to "Reit Service Co.," "Reit Fuel Oil Co." and "Reit Lubricants."

765. According to Metro Container Site records, "Reit Service Co.," "Reit Fuel Oil Co." and "Reit Lubricants" contributed at least 5,531 drums of materials containing hazardous substances to the Metro Container Site.

766. To date, Reit Fuel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

767. Defendant RelaDyne NE LLC d/b/a Automotive Service RelaDyne LLC ("RelaDyne") is responsible for the waste attributable to "Automotive Service Inc." and "Auto Service Inc."

768. According to Metro Container Site records, "Automotive Service Inc." and "Auto Service Inc." contributed at least 1,185 drums of materials containing hazardous substances to the Metro Container Site.

769. To date, RelaDyne has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

770. According to Metro Container Site records, Defendant Reliable Industries, LLC ("Reliable Industries") contributed at least 1,876 drums of materials containing hazardous substances to the Metro Container Site.

771. Additionally, Reliable Industries is responsible for the waste attributable to "Reliable Recyclers."

772. According to Metro Container Site records, "Reliable Recyclers" contributed at least 3,594 drums of materials containing hazardous substances to the Metro Container Site.

773. To date, Reliable Industries has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

774. According to Metro Container Site records, Defendant Rex Oil Co. ("Rex Oil") contributed at least 19,299 drums of materials containing hazardous substances to the Metro Container Site.

775. To date, Rex Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

776. Defendant Rhoads Energy Corporation ("Rhoads Energy") is responsible for the waste attributable to "Jerome H. Rhoads, Inc." and "Rhoades Oil Co."

777. According to Metro Container Site records, "Jerome H. Rhoads, Inc." and "Rhoades Oil Co." contributed at least 356 drums of materials containing hazardous substances to the Metro Container Site.

778. To date, Rhoads Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

779. Defendant Richland Partners, LLC d/b/a Leffler Energy ("Richland Partners") is responsible for the waste attributable to "Carlos R. Leffler Inc.," "Charles Dampman," "H.J. Tanner Inc." and "Sico Co."

780. According to Metro Container Site records, "Carlos R. Leffler Inc.," "Charles Dampman," "H.J. Tanner Inc." and "Sico Co." contributed at least 4,751 drums of materials containing hazardous substances to the Metro Container Site.

781. To date, Richland Partners has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

782. Alternatively, Defendant C.R. Dampman Fuels, Inc. ("Dampman Fuels") is responsible for the waste attributable to "Charles Dampman," as alleged in Paragraph No. 780 above.

783. To date, Dampman Fuels has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

784. Alternatively, Defendant Keith A. Youse, Inc. ("Youse") is responsible for the waste attributable to "Charles Dampman," as alleged in Paragraph No. 780 above.

785. To date, Youse has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

786. Alternatively, Defendant H.J. Tanner, Inc. d/b/a Tanner Home and Energy ("H.J. Tanner") is responsible for the waste attributable to "H.J. Tanner Inc.," as alleged in Paragraph No. 780 above.

787. To date, H.J. Tanner has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

788. Defendant Rockwell Automation, Inc. ("Rockwell Automation") is responsible for the waste attributable to "Rockwell International."

789. According to Metro Container Site records, "Rockwell International" contributed at least 229 drums of materials containing hazardous substances to the Metro Container Site.

790. To date, Rockwell Automation has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

791. According to Metro Container Site records, Defendant Rome Express, Inc. ("Rome Express") contributed at least 9 drums of materials containing hazardous substances to the Metro Container Site.

792. To date, Rome Express has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

793. According to Metro Container Site records, Defendant Ron Davis Tire Co. Inc. ("Davis Tire") contributed at least 2 drums of materials containing hazardous substances to the Metro Container Site.

794. To date, Davis Tire has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

795. According to Metro Container Site records, Defendant Root Oil Co., Inc. ("Root Oil") contributed at least 413 drums of materials containing hazardous substances to the Metro Container Site.

796. To date, Root Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

797. According to Metro Container Site records, Defendant S.B. Collins, Inc. ("S.B. Collins") contributed at least 192 drums of materials containing hazardous substances to the Metro Container Site.

798. To date, S.B. Collins has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

799. According to Metro Container Site records, Defendant S.L.F., Inc. d/b/a Consumers Oil Corp. ("S.L.F.") contributed at least 1,257 drums of materials containing hazardous substances to the Metro Container Site.

800. To date, S.L.F. has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

801. Defendant Sadler Brothers Oil Co., Inc. ("Sadler Brothers") is responsible for the waste attributable to "Sadler Bros. Oil Co. Inc." and "Sadler Bros. Oil."

802. According to Metro Container Site records, "Sadler Bros. Oil Co. Inc." and "Sadler Bros. Oil" contributed at least 1,262 drums of materials containing hazardous substances to the Metro Container Site.

803. To date, Sadler Brothers has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

804. Defendant Saint-Gobain Abrasives, Inc. ("Saint-Gobain") is responsible for the waste attributable to "Carborundum."

805. According to Metro Container Site records, "Carborundum" contributed at least 59 drums of materials containing hazardous substances to the Metro Container Site.

806. To date, Saint-Gobain has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

807. According to Metro Container Site records, Defendant Sam Miller & Son, Inc. ("Miller & Son") contributed at least 673 drums of materials containing hazardous substances to the Metro Container Site.

808. To date, Miller & Son has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

809. According to Metro Container Site records, Defendant Savage Services Corporation ("Savage Services") contributed at least 206 drums of materials containing hazardous substances to the Metro Container Site.

810. To date, Savage Services has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

811. According to Metro Container Site records, Defendant Scarborough Oil Co., Inc. ("Scarborough Oil") contributed at least 197 drums of materials containing hazardous substances to the Metro Container Site.

812. To date, Scarborough Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

813. According to Metro Container Site records, Defendant Scot Lubricants, LLC ("Scot Lubricants") contributed at least 2,158 drums of materials containing hazardous substances to the Metro Container Site.

814. To date, Scot Lubricants has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

815. According to Metro Container Site records, Defendant Scott Cars LP ("Scott Cars") contributed at least 13 drums of materials containing hazardous substances to the Metro Container Site.

816. To date, Scott Cars has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

817. According to Metro Container Site records, Defendant Scullin Oil Co. ("Scullin Oil") contributed at least 567 drums of materials containing hazardous substances to the Metro Container Site.

818. To date, Scullin Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

819. According to Metro Container Site records, Defendant Senick Inc. ("Senick") contributed at least 9 drums of materials containing hazardous substances to the Metro Container Site.

820. To date, Senick has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

821. According to Metro Container Site records, Defendant Serta Simmons Bedding LLC ("Serta Simmons") contributed at least 25 drums of materials containing hazardous substances to the Metro Container Site.

822. To date, Serta Simmons has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

823. Defendant Seth Energy, LLC ("Seth Energy") is responsible for the waste attributable to "G.W. Davis Oil Co."

824. According to Metro Container Site records, "G.W. Davis Oil Co." contributed at least 656 drums of materials containing hazardous substances to the Metro Container Site.

825. To date, Seth Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

826. Alternatively, Defendant D&H Skaggs LLC ("D&H Skaggs") is responsible for the waste attributable to "G.W. Davis Oil Co.," as alleged in Paragraph No. 824 above.

827. To date, D&H Skaggs has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

828. Defendant Sheboygan Paint Co. ("Sheboygan Paint") is responsible for the waste attributable to "Sentry Paint & Chem."

829. According to Metro Container Site records, "Sentry Paint & Chem." contributed at least 3,236 drums of materials containing hazardous substances to the Metro Container Site.

830. To date, Sheboygan Paint has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

831. According to Metro Container Site records, Defendant Shellhorn & Hill, Inc. ("Shellhorn") contributed at least 386 drums of materials containing hazardous substances to the Metro Container Site.

832. To date, Shellhorn has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

833. Defendant Shipley Energy Co. ("Shipley Energy") is responsible for the waste attributable to "Griffith Oil," "Jay Gress Inc.," "Jay Gress Incorporated,", "Kuhn Brothers Inc.," "Perc Inc.," "Schuchart Inc.," "Shipley Humble," "Tower Sales Inc.," and "York Oil Service."

834. According to Metro Container Site records, "Griffith Oil," "Jay Gress Inc.," "Jay Gress Incorporated,", "Kuhn Brothers Inc.," "Perc Inc.," "Schuchart Inc.," "Shipley Humble," "Tower Sales Inc.," and "York Oil Service" contributed at least 12,841 drums of materials containing hazardous substances to the Metro Container Site.

835. To date, Shipley Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

836. Alternatively, Defendant PPC Lubricants, Inc. ("PPC Lubricants") is responsible for the waste attributable to "Jay Gress Inc." and "Jay Gress Incorporated" as alleged in Paragraph No. 834 above.

837. To date, PPC Lubricants has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

838. According to Metro Container Site records, Defendant Shortlidge, S.C., Inc. ("Shortlidge") contributed at least 156 drums of materials containing hazardous substances to the Metro Container Site.

839. To date, Shortlidge has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

840. Defendant Siemens Corporation ("Siemens") is responsible for the waste attributable to "Voest Alpine Int. Corp."

841. According to Metro Container Site records, "Voest Alpine Int. Corp." contributed at least 9 drums of materials containing hazardous substances to the Metro Container Site.

842. To date, Siemens has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

843. Defendant SMO, Inc. d/b/a SMO Energy ("SMO") is responsible for the waste attributable to "Eastern Shore Oil Co."

844. According to Metro Container Site records, "Eastern Shore Oil Co." contributed at least 252 drums of materials containing hazardous substances to the Metro Container Site.

845. To date, SMO has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

846. According to Metro Container Site records, Defendant Snedeker Energy LLC ("Snedeker Energy") contributed at least 350 drums of materials containing hazardous substances to the Metro Container Site.

847. To date, Snedeker Energy has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

848. According to Metro Container Site records, Defendant The Solvents Recovery Service of New Jersey, Inc. ("Solvents Recovery") contributed at least 67,193 drums of materials containing hazardous substances to the Metro Container Site.

849. To date, Solvents Recovery has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

850. Defendant Soundview Paper Company, LLC ("Soundview Paper") is responsible for the waste attributable to "Marcal Paper."

851. According to Metro Container Site records, "Marcal Paper" contributed at least 632 drums of materials containing hazardous substances to the Metro Container Site.

852. To date, Soundview Paper has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

853. Defendant Southampton Tire and Service, Inc. ("Southampton Tire") is responsible for the waste attributable to "Jack Dooling t/a Southampton Tire" and "Southampton Tire Ctr."

854. According to Metro Container Site records, "Jack Dooling t/a Southampton Tire" and "Southampton Tire Ctr." contributed at least 23 drums of materials containing hazardous substances to the Metro Container Site.

855. To date, Southampton Tire has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

856. According to Metro Container Site records, Defendant Southern Lubricants, Inc. ("Southern Lubricants") contributed at least 2,587 drums of materials containing hazardous substances to the Metro Container Site.

857. To date, Southern Lubricants has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

858. According to Metro Container Site records, Defendant Spencer Brothers, Inc. ("Spencer Brothers") contributed at least 1,584 drums of materials containing hazardous substances to the Metro Container Site.

859. To date, Spencer Brothers has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

860. According to Metro Container Site records, Defendant SPS Technologies, LLC ("SPS Technologies") contributed at least 44 drums of materials containing hazardous substances to the Metro Container Site.

861. To date, SPS Technologies has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

862. Defendant SPX Corporation ("SPX") is responsible for the waste attributable to "Axel Electronics."

863. According to Metro Container Site records, "Axel Electronics" contributed at least 123 drums of materials containing hazardous substances to the Metro Container Site.

864. To date, SPX has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

865. Defendant Standex Electronics, Inc. ("Standex Electronics") is responsible for the waste attributable to "Acme Manufacturing."

866. According to Metro Container Site records, "Acme Manufacturing" contributed at least 88 drums of materials containing hazardous substances to the Metro Container Site.

867. To date, Standex Electronics has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

868. Defendant Star Group, L.P. ("Star Group") is responsible for the waste attributable to "Lloyd J. Nolan Fuel" and "Tioga Petroleum."

869. According to Metro Container Site records, "Lloyd J. Nolan Fuel" and "Tioga Petroleum" contributed at least 245 drums of materials containing hazardous substances to the Metro Container Site.

870. To date, Star Group has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

871. Defendant Statewood, Inc. d/b/a State Line Oil ("Statewood") is responsible for the waste attributable to "State Line Oil" and "State Live Oil."

872. According to Metro Container Site records, "State Line Oil" and "State Live Oil" contributed at least 5 drums of materials containing hazardous substances to the Metro Container Site.

873. To date, Statewood has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

874. Defendant Stephenson Oil Co. ("Stephenson Oil") is responsible for the waste attributable to "R.J. Stephenson" and "R.J. Stephenson Inc."

875. According to Metro Container Site records, "R.J. Stephenson" and "R.J. Stephenson Inc." contributed at least 142 drums of materials containing hazardous substances to the Metro Container Site.

876. To date, Stephenson Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

877. According to Metro Container Site records, Defendant Stiff Oil Co. ("Stiff Oil") contributed at least 16 drums of materials containing hazardous substances to the Metro Container Site.

878. To date, Stiff Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

879. According to Metro Container Site records, Defendant Stockman Oil Two, Inc. ("Stockman Oil") contributed at least 752 drums of materials containing hazardous substances to the Metro Container Site.

880. To date, Stockman Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

881. Defendant Suburban Oil Service, Inc. ("Suburban Oil") is responsible for the waste attributable to "Suburban Oil Service" and "Suburban Oil Co."

882. According to Metro Container Site records, "Suburban Oil Service" and "Suburban Oil Co." contributed at least 224 drums of materials containing hazardous substances to the Metro Container Site.

883. To date, Suburban Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

884. Defendant Suffolk Sales and Service Corporation ("Suffolk Sales") is responsible for the waste attributable to "Suffolk Chemical."

885. According to Metro Container Site records, "Suffolk Chemical" contributed at least 27 drums of materials containing hazardous substances to the Metro Container Site.

886. To date, Suffolk Sales has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

887. According to Metro Container Site records, Defendant Superior Drum and Barrel Co., Inc. ("Superior Drum") contributed at least 22,574 drums of materials containing hazardous substances to the Metro Container Site.

888. To date, Superior Drum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

889. Defendant Superior Plus Energy Services, Inc. ("Superior Plus") is responsible for the waste attributable to "Adirondack Oil," "Montour" and "Montor Auto."

890. According to Metro Container Site records, "Adirondack Oil," "Montour" and "Montor Auto" contributed at least 1,045 drums of materials containing hazardous substances to the Metro Container Site.

891. To date, Superior Plus has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

892. Defendant Talley Petroleum Enterprises Inc. ("Talley Petroleum") is responsible for the waste attributable to "City Suburban Oil."

893. According to Metro Container Site records, "City Suburban Oil" contributed at least 11 drums of materials containing hazardous substances to the Metro Container Site.

894. To date, Talley Petroleum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

895. Defendant Taylor Enterprises, Inc. ("Taylor Enterprises") is responsible for the waste attributable to "Lutz-Yelton Oil Co." and "Petroleum World."

896. According to Metro Container Site records, "Lutz-Yelton Oil Co." and "Petroleum World" contributed at least 4,357 drums of materials containing hazardous substances to the Metro Container Site.

897. To date, Taylor Enterprises has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

898. According to Metro Container Site records, Defendant Taylor Oil Co., Inc. ("Taylor Oil") contributed at least 646 drums of materials containing hazardous substances to the Metro Container Site.

899. To date, Taylor Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

900. Defendant Technip USA, Inc. ("Technip") is responsible for the waste attributable to "Stone & Webster."

901. According to Metro Container Site records, "Stone & Webster" contributed at least 78 drums of materials containing hazardous substances to the Metro Container Site.

902. To date, Technip has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

903. Defendant Tecklenburg Holdings, LLC ("Tecklenburg") is responsible for the waste attributable to "Southern Oil Company."

904. According to Metro Container Site records, "Southern Oil Company" contributed at least 1,885 drums of materials containing hazardous substances to the Metro Container Site.

905. To date, Tecklenburg has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

906. Defendant TenFour LLC ("TenFour") is responsible for the waste attributable to "Hercules Corp."

907. According to Metro Container Site records, "Hercules Corp." contributed at least 457 drums of materials containing hazardous substances to the Metro Container Site.

908. To date, TenFour has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

909. Defendant Tevis Energy, Inc. ("Tevis") is responsible for the waste attributable to "Tevis Oil Co." and "Liberty Oil Company."

910. According to Metro Container Site records, "Tevis Oil Co." and "Liberty Oil Company" contributed at least 308 drums of materials containing hazardous substances to the Metro Container Site.

911. To date, Tevis has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

912. Alternatively, Defendant Liberty Oil Company n/k/a Loc Holdings, Inc. ("Liberty Oil") is responsible for the waste attributable to "Liberty Oil Company," as alleged in Paragraph No. 910 above.

913. To date, Liberty Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

914. According to Metro Container Site records, Defendant Texas Eastern Transmission, LP ("Texas Transmission") contributed at least 12 drums of materials containing hazardous substances to the Metro Container Site.

915. To date, Texas Transmission has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

916. Defendant Textron Inc. ("Textron") is responsible for the waste attributable to "Fansmer Bearing Co."

917. According to Metro Container Site records, "Fansmer Bearing Co." contributed at least 25 drums of materials containing hazardous substances to the Metro Container Site.

918. To date, Textron Inc. has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

919. According to Metro Container Site records, Defendant Thompson Oil Co. ("Thompson Oil") contributed at least 18 drums of materials containing hazardous substances to the Metro Container Site.

920. To date, Thompson Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

921. According to Metro Container Site records, Defendant Thompson Steel Co., Inc. ("Thompson Steel") contributed at least 698 drums of materials containing hazardous substances to the Metro Container Site.

922. To date, Thompson Steel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

923. Defendant Tilcon New York Inc. ("Tilcon") is responsible for the waste attributable to "Tilcon Quarries."

924. According to Metro Container Site records, "Tilcon Quarries" contributed at least 150 drums of materials containing hazardous substances to the Metro Container Site.

925. To date, Tilcon has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

926. According to Metro Container Site records, Defendant Tilley Chemical Co., Inc. ("Tilley Chemical") contributed at least 530 drums of materials containing hazardous substances to the Metro Container Site.

927. To date, Tilley Chemical has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

928. Defendant Timken Gears & Services Inc. d/b/a Philadelphia Gear ("Timken Gears") is responsible for the waste attributable to "Palmyra Industries," "Paraya Industries" and "Philadelphia Gear."

929. According to Metro Container Site records, "Palmyra Industries," "Paraya Industries" and "Philadelphia Gear" contributed at least 1,203 drums of materials containing hazardous substances to the Metro Container Site.

930. To date, Timken Gears has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

931. Defendant Tire Craft of Point Pleasant Beach, Inc. ("Tire Craft") is responsible for the waste attributable to "Tire Craft" and "Tire Craft of Toms River."

932. According to Metro Container Site records, "Tire Craft" and "Tire Craft of Toms River" contributed at least 47 drums of materials containing hazardous substances to the Metro Container Site.

933. To date, Tire Craft has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

934. According to Metro Container Site records, Defendant Tolino's Fuel Service, Inc. ("Tolino's Fuel") contributed at least 15 drums of materials containing hazardous substances to the Metro Container Site.

935. To date, Tolino's Fuel has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

936. Defendant Town Brook Service Center ("Town Brook") is responsible for the waste attributable to "Brooks Service Station" and "Town Brook."

937. According to Metro Container Site records, "Brooks Service Station" and "Town Brook" contributed at least 29 drums of materials containing hazardous substances to the Metro Container Site.

938. To date, Town Brook has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

939. According to Metro Container Site records, Defendant Trailways Transportation System Inc. ("Trailways Transportation") contributed at least 11 drums of materials containing hazardous substances to the Metro Container Site.

940. To date, Trailways Transportation has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

941. According to Metro Container Site records, Defendant Tri Gas & Oil Co., Inc. ("Tri Gas & Oil") contributed at least 1,621 drums of materials containing hazardous substances to the Metro Container Site.

942. To date, Tri Gas & Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

943. According to Metro Container Site records, Defendant Tri-State Petroleum Corporation ("Tri-State Petroleum") contributed at least 709 drums of materials containing hazardous substances to the Metro Container Site.

944. To date, Tri-State Petroleum has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

945. According to Metro Container Site records, Defendant Turner Construction Co. Inc. ("Turner Construction") contributed at least 16 drums of materials containing hazardous substances to the Metro Container Site.

946. To date, Turner Construction has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

947. Alternatively, Defendant Passaic Valley Sewerage Commission ("Passaic Valley Sewerage") is responsible for the waste attributable to Turner Construction," as alleged in Paragraph No. 945 above.

948. To date, Passaic Valley Sewerage has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

949. According to Metro Container Site records, Defendant U.S. Axle, Inc. ("U.S. Axle") contributed at least 4 drums of materials containing hazardous substances to the Metro Container Site.

950. To date, U.S. Axle has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

951. Defendant Unilever United States, Inc. ("Unilever") is responsible for the waste attributable to "Breyers Ice Cream."

952. According to Metro Container Site records, "Breyers Ice Cream" contributed at least 13 drums of materials containing hazardous substances to the Metro Container Site.

953. To date, Unilever has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

954. According to Metro Container Site records, Defendant The United Oil Co., Inc. d/b/a Duralene ("United Oil") contributed at least 72 drums of materials containing hazardous substances to the Metro Container Site.

955. To date, United Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

956. Defendant United Parcel Service of America, Inc. ("UPS") is responsible for the waste attributable to "U.P.S." and "Overnite Transportation."

957. According to Metro Container Site records, "U.P.S." and "Overnite Transportation" contributed at least 311 drums of materials containing hazardous substances to the Metro Container Site.

958. To date, UPS has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

959. Defendant USG Corporation ("USG") is responsible for the waste attributable to "Floor Systems."

960. According to Metro Container Site records, "Floor Systems" contributed at least 6 drums of materials containing hazardous substances to the Metro Container Site.

961. To date, USG has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

962. Alternatively, Defendant Tate, Inc. ("Tate") is responsible for the waste attributable to "Floor Systems," as alleged in Paragraph No. 960 above.

963. To date, Tate has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

964. Defendant V. Harikrishna Corp. d/b/a Hutter's Jonestown ("Harikrishna") is responsible for the waste attributable to "Hutter Inc."

965. According to Metro Container Site records, "Hutter Inc." contributed at least 12 drums of materials containing hazardous substances to the Metro Container Site.

966. To date, Harikrishna has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

967. Defendant Vacu Braze, Inc. ("Vacu Braze") is responsible for the waste attributable to "PA Metallurgical Inc." and "PA. Metallurgical Inc."

968. According to Metro Container Site records, "PA Metallurgical Inc." and "PA. Metallurgical Inc." contributed at least 45 drums of materials containing hazardous substances to the Metro Container Site.

969. To date, Vacu Braze has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

970. According to Metro Container Site records, Defendant Valley Oil Corporation ("Valley Oil") contributed at least 48 drums of materials containing hazardous substances to the Metro Container Site.

971. To date, Valley Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

972. Defendant The Vane Brothers Co. ("Vane Brothers") is responsible for the waste attributable to "Marine Launch" and "River Associates."

973. According to Metro Container Site records, "Marine Launch" and "River Associates" contributed at least 6,255 drums of materials containing hazardous substances to the Metro Container Site.

974. To date, Vane Brothers has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

975. Defendant Vantage Specialty Chemicals, Inc. ("Vantage") is responsible for the waste attributable to "B&B Chemical."

976. According to Metro Container Site records, "B&B Chemical" contributed at least 8 drums of materials containing hazardous substances to the Metro Container Site.

977. To date, Vantage has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

978. According to Metro Container Site records, Defendant Varouh Oil, Inc. ("Varouh Oil") contributed at least 76 drums of materials containing hazardous substances to the Metro Container Site.

979. To date, Varouh Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

980. Defendant Verona Oil Co., Inc. ("Verona Oil") is responsible for the waste attributable to "Verona Oil Co."

981. According to Metro Container Site records, "Verona Oil Co." contributed at least 66 drums of materials containing hazardous substances to the Metro Container Site.

982. To date, Verona Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

983. According to Metro Container Site records, Defendant Vitols Tool & Machine Corp. ("Vitols Tool") contributed at least 3 drums of materials containing hazardous substances to the Metro Container Site.

984. To date, Vitols Tool has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

985. Defendant W.H. Emmart & Son, Inc. ("W.H. Emmart") is responsible for the waste attributable to "Emmart Oil Co."

986. According to Metro Container Site records, "Emmart Oil Co." contributed at least 93 drums of materials containing hazardous substances to the Metro Container Site.

987. To date, W.H. Emmart has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

988. According to Metro Container Site records, Defendant W.K. Hobbs, Inc. ("W.K. Hobbs") contributed at least 708 drums of materials containing hazardous substances to the Metro Container Site.

989. To date, W.K. Hobbs has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

990. According to Metro Container Site records, Defendant The Ward Machinery Co. ("Ward Machinery") contributed at least 5 drums of materials containing hazardous substances to the Metro Container Site.

991. To date, Ward Machinery has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

992. According to Metro Container Site records, Defendant Water Chem ("Water Chem") contributed at least 25 drums of materials containing hazardous substances to the Metro Container Site.

993. To date, Water Chem has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

994. According to Metro Container Site records, Defendant Waterbury Gulf L.L.C. ("Waterbury Gulf") contributed at least 2 drums of materials containing hazardous substances to the Metro Container Site.

995. To date, Waterbury Gulf has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

996. Defendant Weeks Marine, Inc. ("Weeks Marine") is responsible for the waste attributable to "American Dredging" and "Weeks Engineering."

997. According to Metro Container Site records, "American Dredging" and "Weeks Engineering" contributed at least 464 drums of materials containing hazardous substances to the Metro Container Site.

998. To date, Weeks Marine has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

999. Alternatively, Defendant Weeks Engineering ("Weeks") is responsible for the waste attributable to "Weeks Engineering," as alleged in Paragraph No. 997 above.

1000. To date, Weeks Engineering has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1001. According to Metro Container Site records, Defendant Weis Markets, Inc. ("Weis Markets") contributed at least 21 drums of materials containing hazardous substances to the Metro Container Site.

1002. To date, Weis Markets has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1003. According to Metro Container Site records, Defendant Wertz Motor Coaches, Inc. ("Wertz Motor") contributed at least 35 drums of materials containing hazardous substances to the Metro Container Site.

1004. To date, Wertz Motor has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1005. Defendant Westar Tech Services Corp. ("Westar Tech Services") is responsible for the waste attributable to "Sam E Fast & Son Inc."

1006. According to Metro Container Site records, "Sam E Fast & Son Inc" contributed at least 527 drums of materials containing hazardous substances to the Metro Container Site.

1007. To date, Westar Tech Services has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1008. Defendant White Apex Holdings, LLC ("White Apex") is responsible for the waste attributable to "White Oil Company."

1009. According to Metro Container Site records, "White Oil Company" contributed at least 8,226 drums of materials containing hazardous substances to the Metro Container Site.

1010. To date, White Apex has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1011. Defendant Whitehorse Auto Center, Inc. ("Whitehorse Auto") is responsible for the waste attributable to "Tom's Sunoco Station."

1012. According to Metro Container Site records, "Tom's Sunoco Station" contributed at least 5 drums of materials containing hazardous substances to the Metro Container Site.

1013. To date, Whitehorse Auto has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1014. According to Metro Container Site records, Defendant William H. Cooper's Sons, Inc. ("Cooper's Sons") contributed at least 58,608 drums of materials containing hazardous substances to the Metro Container Site.

1015. To date, Cooper's Sons has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1016. According to Metro Container Site records, Defendant William J. Jones & Son Inc. ("Jones & Son") contributed at least 5,437 drums of materials containing hazardous substances to the Metro Container Site.

1017. To date, Jones & Son has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1018. According to Metro Container Site records, Defendant Williams Oil Co., Inc. ("Williams Oil") contributed at least 159 drums of materials containing hazardous substances to the Metro Container Site.

1019. To date, Williams Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1020. Defendant Wirerope Works, Inc. ("Wirerope Works") is responsible for the waste attributable to "Paulsen Wire Rope Co."

1021. According to Metro Container Site records, "Paulsen Wire Rope Co." contributed at least 39 drums of materials containing hazardous substances to the Metro Container Site.

1022. To date, Wirerope Works has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1023. Defendant Wolters Kluwer N.V. ("Wolters Kluwer") is responsible for the waste attributable to "Waverly Press."

1024. According to Metro Container Site records, "Waverly Press" contributed at least 1 drum of materials containing hazardous substances to the Metro Container Site.

1025. To date, Wolters Kluwer has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1026. Defendant Wolyniec Construction, Inc. ("Wolyniec Construction") is responsible for the waste attributable to "Valley Petroleum Inc."

1027. According to Metro Container Site records, "Valley Petroleum Inc." contributed at least 651 drums of materials containing hazardous substances to the Metro Container Site.

1028. To date, Wolyniec Construction has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1029. Alternatively, Defendant Sabeh Enterprises Inc. ("Sabeh") is responsible for the waste attributable to "Valley Petroleum Inc.," as alleged in Paragraph No. 1027 above.

1030. To date, Sabeh has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1031. Defendant Woodfin Heating, Inc. ("Woodfin Heating") is responsible for the waste attributable to "Foster Fuel," "Foster Fuel & Coal" and "Gill Oil."

1032. According to Metro Container Site records, "Foster Fuel," "Foster Fuel & Coal" and "Gill Oil" contributed at least 1,141 drums of materials containing hazardous substances to the Metro Container Site.

1033. To date, Woodfin Heating has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1034. According to Metro Container Site records, Defendant Woodlawn Oil Co., Inc. ("Woodlawn Oil") contributed at least 10 drums of materials containing hazardous substances to the Metro Container Site.

1035. To date, Woodlawn Oil has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1036. Defendant Worthington Industries, Inc. ("Worthington Industries") is responsible for the waste attributable to "National Rolling Mills Inc."

1037. According to Metro Container Site records, "National Rolling Mills Inc." contributed at least 249 drums of materials containing hazardous substances to the Metro Container Site.

1038. To date, Worthington Industries has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1039. According to Metro Container Site records, Defendant Yearsley's Service Ltd. ("Yearsley's Service") contributed at least 4 drums of materials containing hazardous substances to the Metro Container Site.

1040. To date, Yearsley's Service has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1041. According to Metro Container Site records, Defendant York International Corporation ("York International") contributed at least 37 drums of materials containing hazardous substances to the Metro Container Site.

1042. To date, York International has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1043. Defendant Zenith Products Corporation ("Zenith Products") is responsible for the waste attributable to "Zenith Metal," "Zenith Metal Products" and "Zenith Products."

1044. According to Metro Container Site records, "Zenith Metal," "Zenith Metal Products" and "Zenith Products" contributed at least 2,087 drums of materials containing hazardous substances to the Metro Container Site.

1045. To date, Zenith Products has not paid any response costs incurred by the Metro Container Group at the Metro Container Site.

1046. Alternatively, Defendant Zenith Home Corp. ("Zenith Home") is responsible for the waste attributable to "Zenith Metal," "Zenith Metal Products" and "Zenith Products" as alleged in Paragraph No. 1044 above.

1047. To date, Zenith Home has not paid any response costs incurred by the Metro Container Group at the Metro Container Site

## COUNT I – COST RECOVERY UNDER CERCLA

1048. Plaintiff realleges and incorporates by reference Paragraph Nos. 1 through 1047 of this Amended Complaint as if fully restated herein.

1049. Section 107(a)(3)-(4) of CERCLA, 42 U.S.C. §§ 9607(a)(3)-(4), provides, in relevant part, that:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section --
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for -- (A) all costs of removal or remedial action incurred by... a State... not inconsistent with the national contingency plan; (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan;....

1050. "Disposal" is defined in CERCLA Section 101(29) by reference to the Solid Waste Disposal Act ("SWDA"). 42 U.S.C. § 9601(29). The SWDA defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C. § 6903(3).

1051. "Facility" is defined in CERCLA Section 101(9) as "any building, structure, installation, equipment, pipe or pipeline" or "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed...." 42 U.S.C. § 9601(9).

1052. "Hazardous substance" is defined in CERCLA Section 101(14) by reference to other federal statutes and by reference to a list of substances published by EPA at 40 C.F.R. § 302.4. 42 U.S.C. § 9601(14).

1053. "Owner" or "Operator" is defined in CERCLA Section 101(20) as "... in the case of an onshore facility or an offshore facility, any person owning or operating such facility...." 42 U.S.C. § 9601(20).

1054. "Person" is defined in CERCLA Section 101(21) as "an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate body." 42 U.S.C. § 9601(20).

1055. "Release" is defined in CERCLA Section 101(22) as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant)...." 42 U.S.C. § 9601(22).

1056. "Response" is defined in CERCLA Section 101(25), and includes "removal" actions, "remedial" actions, and enforcement activities related thereto. 42 U.S.C. § 9601(25).

1057. The Metro Container Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

1058. There has been a "release" and/or a threatened "release" of "hazardous substances" at the Metro Container Site which has caused the incurrence of "response costs" by the Metro Container Group, within the meaning of Sections 101(22), 101(14) and 107 of CERCLA, 42 U.S.C. §§ 9601(22), 9601(14) and 9607.

1059. Plaintiff is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

1060. Each of the Defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

1061. Pursuant to CERCLA, 42 U.S.C. §§ 9607(a)(3) and/or 9607(a)(4), each Defendant is liable as an arranger or generator of materials containing hazardous substances, which materials were treated and/or disposed at the Metro Container Site; and/or a transporter of hazardous substances who selected the Metro Container Site for the treatment and/or disposal of such hazardous substances, and who transported such hazardous substances to the Site.

1062. As a result of the release and threatened release of hazardous substances at or from the Metro Container Site, the Metro Container Group has incurred response costs and will continue to incur costs of "response," as that term is defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

1063. The response costs incurred by Plaintiff in connection with the Metro Container Site are consistent with the NCP.

1064. Pursuant to CERCLA Sections 107 and 113, 42 U.S.C. §§ 9607 and 9613, each Defendant is strictly, jointly and severally liable for the voluntary past and future response costs incurred and to be incurred by Plaintiff in response to the release or threatened release of hazardous substances at and from the Metro Container Site.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in its favor and against all Defendants holding that each Defendant is strictly, jointly and severally liable for the voluntary response costs incurred and to be incurred by Plaintiff, including appropriate pre-judgment interest, in connection with the release and/or threatened release of hazardous

substances at the Metro Container Site. Plaintiff further requests that this Court award interest and costs of suit, including reasonable attorney's fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and appropriate under the circumstances.

**COUNT II – CONTRIBUTION UNDER CERCLA**

1065. Plaintiff realleges and incorporates by reference Paragraph Nos. 1 through 1064 of this Amended Complaint as if fully restated herein.

1066. Sections 113(f)(1) and (3)(B) of CERCLA, 42 U.S.C. §§ 9613(f)(1) and (3)(B), provide, in relevant part, that:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a)....
>
> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement....

1067. Plaintiff has resolved its liability to EPA for matters covered in the RI/FS AOC and Removal Action AOC.

1068. All Defendants are liable parties under CERCLA, but have not resolved their liability to Plaintiff or EPA.

1069. To date, Plaintiff has been compelled to incur and/or otherwise pay over $4,500,000 in response costs at the Metro Container Site under the RI/FS AOC and Removal Action AOC.

1070. Plaintiff is entitled to contribution from all Defendants under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for Defendants' respective equitable shares of all costs and damages incurred by Plaintiff, including applicable interest as provided for in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

WHEREFORE, Plaintiff respectfully requests that this Court enter a declaratory judgment against all Defendants finding that they are each liable under CERCLA and are obligated to pay for their equitable shares of all past and future response costs, including appropriate pre-judgment interest, associated with the Metro Container Site. Plaintiff further requests that this Court award interest and costs of suit, including reasonable attorney's fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and appropriate under the circumstances.

**COUNT III – DECLARATORY RELIEF UNDER CERCLA**

1071. Plaintiff alleges and incorporates by reference Paragraph Nos. 1 through 1070 of this Amended Complaint as if fully restated herein.

1072. There is a present and actual controversy between Plaintiff and all Defendants concerning their respective rights and obligations with respect to the response costs associated with Metro Container Site.

1073. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in relevant part, that:

> In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages. A subsequent action or actions under section 9607 of this title for further response costs at the vessel or facility may be maintained at any time during the response action, but must be commenced no later than 3 years after the date of completion of all response action. Except as otherwise provided in this paragraph, an action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

1074. Plaintiff seeks a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against all Defendants holding them liable for their respective equitable shares of response costs, that will be binding in any subsequent action to recover further response

costs.

1075. Plaintiff is entitled to judgment against all Defendants for past and future response costs incurred in connection with the Metro Container Site.

WHEREFORE, Plaintiff respectfully prays that this Court enter a declaratory judgment against all Defendants finding that they are each liable under CERCLA and are obligated to pay for their equitable shares of all past and future response costs associated with the Metro Container Site. Plaintiff further requests that this Court award interest and costs of suit, including reasonable attorney's fees and consultant fees as permitted by law; and order any such relief as the Court may deem just and appropriate under the circumstances.

Dated: June 3, 2019

Respectfully submitted,

Bruce J Chasan

Bruce J. Chasan, Esq.
Attorney I.D. No. 29227
Law Offices of Bruce J. Chasan, LLC
1500 JFK Blvd.
Suite 312
Philadelphia, PA 19102
Telephone: (215) 567-4400
Email: bjchasan@brucechasanlaw.com

Gary D. Justis admitted *pro hac vice*
Rachel D. Guthrie admitted *pro hac vice*
Matthew T. Merryman admitted *pro hac vice*
The Justis Law Firm LLC
10955 Lowell Ave.
Suite 520
Overland Park, KS 66210-2336
Telephone: (913) 955-3712
Facsimile: (913) 955-3711
Email: gjustis@justislawfirm.com
rguthrie@justislawfirm.com
mmerryman@justislawfirm.com

ATTORNEY FOR PLAINTIFF METRO CONTAINER GROUP