# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **METRO CONTAINER GROUP,** | : | |
| *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| | : | No. 18-cv-3623 |
| **AC&T CO., INC. et al.,** | : | |
| *Defendants* | : | |

## ORDER

**AND NOW**, this 30th day of March, 2020, upon consideration of the pending motions to dismiss and/or letters joining that have been filed in this litigation, including, *to wit:* Doc. Nos. 1115, 1120, 1144, 1162, 1165, 1167, 1173, 1175, 1181, 1182, 1183, 1184, 1203, 1209, 1312, 1403, 1411, 1433, 1488, 1501, 1512, 1635, 1683, 1747, 1767, 1796, 1881, 1932, 1934, 1948, 1955, 1956, 1957, 1958, 1959, 1961, 1962, 1963, 1964, 1965, 1966, 1968, 1969, 1970, 1971, and 1972, it is hereby **ORDERED** that the pending motions and joining letters are **GRANTED IN PART**, **DENIED IN PART**, and **MOOTED IN PART**, as follows:

1. The Court dismisses Count I for cost recovery.

2. The Court will permit Count II, the contribution claim, and Count III, seeking declaratory relief, to proceed.

3. Davis Standard, LLC; Zenith Home Corporation; George Noblett Oil Company, Inc.; Wolyniec Construction, Inc.; Southampton Tire and Service, Inc.; Yourway Transport, Inc.; Penn Petroleum, Inc.; Shipley Energy Co.; The Vane Brothers Company; Mega Concrete, Inc.; Loomis Armored US, LLC; Berry Global, Inc.; Fritch, Inc.; O.F. Zurn Company; Jack Rich, Inc.; and U.S. Xpress Enterprises, Inc. are dismissed from this case, without prejudice to Plaintiff's right to amend the complaint as set forth in the Memorandum. Plaintiff shall file any such amended complaint within thirty (30) days of entry of this Order.

4. To the extent that Plaintiff seeks limited discovery on the issue of successor liability, as set forth at the hearing on March 13, 2020, Plaintiff shall file a proposed plan within twenty-one (21) days of entry of this Order, specifically identifying (1) who Plaintiff seeks discovery from, (2) what discovery Plaintiff requires, and (3) using what proposed discovery tools. The purported successor defendants identified in the proposal shall jointly respond to the proposal within fourteen (14) days of receipt of the proposal. To the extent that other defendants not specifically named by the Court in this Order, or by Plaintiff, believe they ought to participate in limited discovery on the particular issue, they may join in the response and explain why they seek limited discovery on the successorship issue.

5. With respect to the dispute regarding the amendment of the complaint to replace Defendant F. Hoffman-La Roche AG, a purported Swiss entity, with Hoffman-La Roche, a purported New Jersey affiliate, the parties shall file a joint status update within seven (7) days of entry of this Order.

6. As to the crossclaims stipulation that the Court approved on November 1, 2019, and the Court's requirement that the Order approving the stipulation (Doc. No. 1769) be served upon all dismissed defendants prior to the entry of the Order approving of the stipulation, such service must be made within fourteen (14) days of entry of this Order, with proof of service filed with the Court on ECF.

**BY THE COURT:**

*s/Gene E.K. Pratter*

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**