IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **METRO CONTAINER GROUP,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **AC&T CO., INC.,** *et al.;* | : | **No. 18-3623** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                                                JUNE ___, 2020

The Court has previously granted in part and denied in part the D&B Express, Inc. ("D&B Express") motion to dismiss this CERCLA action brought by Metro Container Group ("Metro"). In so ruling, the Court determined that Metro's claims against D&B Express were timely because Metro's amended complaint related back to its original complaint, which had been filed before the applicable statute of limitations had run. D&B Express seeks reconsideration of the Court's finding that the relation back doctrine applies so that the claims against it will be dismissed with prejudice.

For the reasons that follow, the Court grants the motion for reconsideration.

### BACKGROUND AND PROCEDURAL HISTORY

Metro first filed a CERCLA complaint on August 24, 2018, naming D&B Express as one of more than 1,000 defendants. The three-year statute of limitations period, which began to run on August 27, 2015, expired on August 27, 2018, three days after the complaint was filed.

Upon motion by Metro soon after the action was commenced, the Court stayed all deadlines until June 1, 2019, including the deadline for service upon the defendants under Federal Rule of Civil Procedure 4(m). Unable to identify an address at which to serve D&B Express, Metro filed

1

a notice voluntarily dismissing D&B Express from the action without prejudice on February 27, 2019. D&B Express was never served with a copy of the original complaint.

Metro filed an amended complaint on June 3, 2019, again naming D&B Express as a defendant. D&B Express waived service of the amended complaint. D&B Express also moved to dismiss the amended complaint, arguing in part that Metro's claims against it were untimely under the applicable limitations period because the original complaint was voluntarily dismissed as to D&B Express before it was ever served. The Court granted in part and denied in part D&B Express' motion, ruling that only Metro's Section 113 claim could proceed. The Court rejected D&B Express' argument regarding the timeliness of Metro's claims, finding that the amended complaint related back to the filing date of the original complaint because the two complaints arose out of the same transaction or occurrence and D&B Express, having been a defendant to the original complaint, had notice of the claims against it. In so holding, the Court noted that "[t]he lynchpin of relation back is whether there was notice to the defendant against whom the claims are now asserted." Mar. 30, 2020 Mem. 18 n.11 (Doc. No. 2043).

## LEGAL STANDARD

To succeed on a motion for reconsideration, the moving party "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law [or fact] or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); *accord Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Accordingly, "[d]isagreement with the Court's ruling is not proper grounds for a motion for reconsideration." *Smith v. Unilife Corp.*, No. 13-5101, 2015 WL 115581, at *1 (E.D. Pa. Jan. 7, 2015). Furthermore, "a motion for reconsideration is not an opportunity for a party to present

previously available evidence or new arguments." *Federico v. Charterers Mut. Assur. Ass'n Ltd.*, 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001) (quoting *F.D.I.C. v. Parkway Exec. Office Ctr.*, No. 96-121, 1997 WL 611674, at *1 (E.D. Pa. Sept. 24, 1997)); *see also Romero v. Allstate Ins. Co.*, 170 F. Supp. 3d 779, 783 (E.D. Pa. 2016) ("Motions for reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'") (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)); *see also Johnson v. BB & T Corp.*, No. 17-4490, 2018 WL 1518618, at *2 (E.D. Pa. Mar. 28, 2018) ("Third Circuit law is fairly clear that motions for reconsideration . . . are to be granted sparingly because of the interests in finality and conservation of scarce judicial resources.") (citations and internal quotation marks omitted).

## DISCUSSION

D&B Express asserts that reconsideration is warranted here to correct an error of law or fact because (1) the relation back doctrine does not apply to voluntary dismissals; and (2) even if the relation back doctrine does apply to voluntary dismissals, the doctrine is inapplicable here because D&B did not have notice of the original complaint and the Court's previous conclusion was clearly erroneous. Because the Court finds that as D&B Express previously argued D&B Express did not have notice of the original complaint and it was in error to have concluded otherwise, the Court grants the motion for reconsideration.[1]

---

[1] The Court's conclusion that reconsideration is warranted because D&B Express did not have notice of the original complaint is unchanged regardless of whether the relation back doctrine applies to voluntary dismissals. Therefore, the Court need not reach that relation back issue as framed by D&B Express.

3

As the Court stated in its prior memorandum, the "lynchpin of relation back is whether there was notice to the defendant against whom the claims are now asserted." Mar. 30, 2020 Mem. 18 n.11; *see also Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) ("[T]he touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'") (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)). "Thus, only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." *Glover*, 698 F.3d at 146 (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). Therefore, in determining whether the relation back doctrine applies here, the operative question is whether D&B Express had notice of Metro's original complaint.

In its motion to dismiss, D&B Express argued that Metro's claims against it were untimely because (1) the original complaint did not toll the statute of limitations because it was voluntarily dismissed; and (2) the relation back doctrine did not apply because the voluntary dismissal rendered the original complaint a nullity as to D&B Express. Metro responded that its amended complaint related back under Rule 15(c) because D&B Express knew or should have known that the action would have been brought against it. In reply, D&B Express asserted that Metro's argument under 15(c) must fail in part because Metro failed to allege that D&B Express was on actual or constructive notice of the action within 120 days of the filing of the original complaint. Metro did not dispute the issue of notice or make any further argument on the motion to dismiss.

Now, in response to the pending motion for reconsideration, Metro admits that it "did not serve D&B Express with the original Complaint (filed August 24, 2018) prior to voluntarily dismissing D&B Express (on February 27, 2019)." Opp'n to Mot. for Recons. 11. However,

4

Metro argues that the relation back doctrine nonetheless applies because D&B Express (1) had imputed or constructive notice of the original complaint; and (2) knew or should have known of Metro's claims. Each argument is addressed in turn.[2]

I. **Whether D&B Express Had Imputed or Constructive Notice of Metro's Claims**

Metro first argues that D&B Express had imputed notice of its claims even though D&B Express was never served with a copy of the original complaint. *See Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001) ("[N]otice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means.") (citations omitted). Metro asserts that D&B Express had notice of the original action because D&B Express was named among more than 1,000 defendants in Metro's original complaint, and most of the defendants, including D&B Express, are clustered in close proximity to the Metro Container Site. Metro claims that it is appropriate for the Court to impute notice of the original complaint to D&B Express under these circumstances.

However, Metro fails to explain how D&B Express' physical proximity to the Metro Container Site or other defendants named in the original action justifies the conclusion that D&B Express had knowledge of or reason to expect its involvement in the action. Likewise, Metro does not cite any authority to support such a finding. That Metro named more than a thousand

---

[2] Metro also raises a separate argument that the Court should deny D&B Express' motion as procedurally improper because the Federal Rules of Civil Procedure do not provide for motions for reconsideration. However, as Metro itself acknowledges, "[a]lthough the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, as long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) (quoting *Deeters v. Phelan Hallinan & Schmieg, LLP*, No. 11-252, 2013 WL 6524625, at *1 (W.D. Pa. Dec. 12, 2013)). "An order denying a motion to dismiss is interlocutory because the order does not end litigation." *Id.* (citing *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 496 (1989)). The D&B Express motion for reconsideration is properly before the Court.

defendants and that many are located in the same general locale as D&B Express does not on its own provide a factual basis for finding that D&B Express had imputed notice of being sued. Indeed, Metro does not even identify which non-D&B Express entity's or entities' notice is being supposedly imputed to D&B Express, let alone any facts tying D&B Express to that entity or entities in a way that would make an imputation of notice appropriate. Under the arguments and facts presented, a finding that D&B Express had imputed notice of the original action would be based on nothing more than speculation.

Metro also argues that D&B had constructive notice of the complaint through the concept of identity of interest. "The identity of interests concept . . . provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced." *Markhorst v. Ridgid, Inc.*, 480 F. Supp. 2d 813, 817 (E.D. Pa. 2007) (quoting *Sorrels v. Sears, Roebuck & Co.*, 84 F.R.D. 663, 667 (D. Del. 1979)). Because the D&B Express named in the original complaint is one and the same as the D&B Express named in the amended complaint, Metro argues that identity of interest applies and the Court should find that D&B Express had constructive notice of its claims.

A finding of constructive notice here still hinges on whether D&B Express, which was named in the original complaint, had *notice* of the original complaint. To support a finding of notice, Metro claims that it is informal notice of the action, not service of process, that is relevant. However, even if a party can be put on notice of an action in the absence of service, Metro has failed to explain how any such notice occurred here. D&B Express was not served with a copy of the original complaint, and Metro has not offered any viable alternative explanations for how D&B

6

Express would have had notice of the original action. In the absence of notice of Metro's original complaint, the identity of interest exception does not apply.

## II.     Whether D&B Express Knew or Should Have Known of Metro's Claims

Next, in a vein similar to its identity of interest argument, Metro claims that D&B Express knew of Metro's claims against it because D&B Express was named in the original complaint. However, Metro again does not identify how D&B Express had *notice* of the original complaint, claiming only that D&B Express had notice because the Court previously ruled that it did. *See* Opp'n to Mot. for Recons. 10 ("If the Court determines (again) that D&B Express had notice of the action, the logical conclusion is that D&B Express must have known that Plaintiff intended to bring an action against it."). However, it is this finding of notice that D&B Express claims was clearly in error.

Upon reconsideration, the Court concludes that its prior determination that "D&B Express, Inc. was a defendant in the original complaint, and had notice of the claims asserted against it now" was indeed incorrect. Mar. 30, 2020 Mem. 18 n.11. D&B Express was never served with a copy of the original complaint, the original claims against it were voluntarily dismissed, and Metro has failed to raise any other basis upon which to conclude that D&B Express had actual, constructive, or imputed notice of the original action. *See, e.g., Pickens v. Intercommunity Agency, Inc.*, No. 96-8415, 1997 WL 727604, at *8 (E.D. Pa. Nov. 21, 1997) ("In this case, Interac did not receive notice of the conduct, transactions or occurrences concerning which plaintiff seeks to proceed because it was never served with the original Complaint. Without such notice, there can be no relation back of Plaintiff's Amended Complaint under Rule 15(c). Thus, the relation back doctrine of Rule 15(c) does not operate to save plaintiff's otherwise time-barred Title VII claim.").

Because the Court has corrected its initial factual conclusion regarding notice to determine that D&B Express had no notice of Metro's original complaint, it concludes that the relation back doctrine is inapplicable. *See Estate of Grier ex rel. Grier v. Univ. of Pa. Health Sys.*, No. 07-4224, 2009 WL 1652168, at *4 (E.D. Pa. June 11, 2009) ("Absent a showing that the proposed new Defendants had actual, constructive, or imputed notice of this action, the notice requirement of Rule 15(c)(1)(C)(i) has not been met and Plaintiff's proposed First Amended Complaint cannot relate back to the date of the original Complaint."). Therefore, the Court grants the motion for reconsideration, vacates its prior ruling denying in part D&B Express' motion to dismiss, and dismisses Metro's remaining claims as currently articulated against D&B Express with prejudice.[3]

## CONCLUSION

For the foregoing reasons, the Court grants the motion for reconsideration. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[3] Metro argues that dismissing its claims against D&B Express with prejudice is improper because there will be additional agreements or orders with the United States Environmental Protection Agency or a state environmental agency at the Metro Container Site that provide Metro "with *new causes of action* with *separate statutes of limitation*." Opp'n to Mot. for Recons. 12 (emphasis added).

First, even if the Court were to dismiss Metro's claims without prejudice, such a dismissal would have the effect of a dismissal with prejudice. *See Parrish v. Ford Motor Co.*, 299 F. App'x 856, 862 (11th Cir. 2008) ("[A] dismissal without prejudice is tantamount to a dismissal with prejudice when the dismissal has the effect of precluding a party from refiling his claim due to the running of the statute of limitations.") (citation omitted); *see also Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) ("[T]he dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint.") (citing *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002)).

Second, the claims dismissed with prejudice are those discrete claims untimely brought against D&B Express in Metro's June 3, 2019 amended complaint, which are accordingly stricken from Metro's April 29, 2020 second amended complaint. The dismissal of these claims with prejudice has no bearing on any future claims or new causes of action against D&B Express that may arise.

8