IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **METRO CONTAINER GROUP,** | : | |
| *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| | : | No. 18-cv-3623 |
| **AC&T CO., INC. et al.,** | : | |
| *Defendants* | : | |

## ORDER

AND NOW, this 31st day of May, 2022, upon consideration of Metro's Motion to Disqualify Counsel of Defendants Fritch, Inc. and O.F. Zurn Co. (Doc. No. 2390), Fritch, Inc. and O.F. Zurn Co.'s response in opposition (Doc. No. 2403), Metro's reply (Doc. No. 2406), and this Court having held a hearing on April 21, 2022, it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth in the accompanying Memorandum. The Court will require Saul Ewing to implement an ethics screen that includes the following:

1. Saul Ewing must adopt a written screening protocol to screen attorneys involved in the 1989 removal action from involvement in this case.

2. The screen must prohibit:

    a. Discussion of the current matter with counsel from the 1989 PRP Group representation;

    b. Retrieving, sharing, discussing, or circulating documents related to the 1989 PRP Group representation with current counsel and vice versa; and

    c. Access to documents related to the current matter by counsel from the 1989 PRP Group representation.

3. Saul Ewing must provide a description of the ethics screen and its date of implementation to the Court and counsel for Metro on or before **June 9, 2022**.

4. Each counsel for Fritch, Inc. and O.F. Zurn Co. must file a declaration certifying compliance with the required ethics screen on or before **June 9, 2022**.

5. Failure to file the required declaration will result in the disqualification of counsel from Saul Ewing in this matter.

BY THE COURT:

_/s/ Gene E.K. Pratter_
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE